UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************************************
                                        *
RUSSELL NATHAN BLATTBERG,               *
               Plaintiff                *
                                        *
v.                                      *       C. A. No.
                                        *
JULIE GALE BRESKIN,                     *       JURY TRIAL DEMANDED
               Defendant                *
                                        *
*********************************************
```

# COMPLAINT

## INTRODUCTION

1. This is an action in which plaintiff seeks damages for multiple sexual assaults committed upon him by defendant when he was a minor child.

## JURISDICTION & VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332, in that the plaintiff is a citizen of the State of Nevada, the defendant is a citizen of the Commonwealth of Massachusetts, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this claim occurred within this District.

## PARTIES

4. Plaintiff RUSSELL NATHAN BLATTBERG ("RUSSELL") is an individual residing at 2120 Sealion Drive, Las Vegas, State of Nevada.

5. Defendant JULIE GALE BRESKIN ("BRESKIN") is an individual with an usual place of residence at 2 Salt Wall Lane, Salem, Essex County, Massachusetts.

## FACTS COMMON TO ALL COUNTS

6. From 1992, then age 4, through 1995 at age 7, the plaintiff RUSSELL who is the son of defendant BRESKIN, was sexually abused in their home at 9 Waldron Street, Marlbehead, Essex County, Massachusetts.

7. The abuse began when defendant BRESKIN would provide RUSSELL with wine and would massage him to get him relaxed.

8. Defendant BRESKIN would tell RUSSELL how beautiful women were, how it was the best thing to be a woman, and how good it felt to wear women's clothes.

9. Defendant BRESKIN would give RUSSELL various articles of woman's clothing to wear, such as underwear, bras, swimsuits, nightgowns, tights, and lingerie.

10. Defendant BRESKIN would touch RUSSELL's penis, and kiss him there.

11. Then defendant BRESKIN would have RUSSELL touch and kiss her vagina, while she would lick his penis.

12. Afterwards defendant BRESKIN would get RUSSELL dressed and would suggest that RUSSELL liked what happened, how it made him feel good, how wonderful it was to be a woman, and how it made him feel good to wear women's clothes.

13. Defendant BRESKIN would end each session of abuse by telling RUSSELL how much she loved him.

14. The abuse stopped about the time when RUSSELL turned 7 years old.

15. RUSSELL did not remember the abuse until 2024.

16. At all times defendant BRESKIN was a trained mental health professional, licensed in the Commonwealth of Massachusetts, who knew that what she was doing to RUSSELL would have life long effects on his development, his education, his mental health, his relationships, his ability to earn a living, and every other aspect of his life.

## CLAIM I - BATTERY

17. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

18. Defendant BRESKIN battered the plaintiff RUSSELL, by engaging in unlawful and non-consensual sexual conduct with him.

19. RUSSELL has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant BRESKIN's intentional conduct.

## CLAIM II - ASSAULT

20. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

21. Defendant BRESKIN assaulted the plaintiff RUSSELL, by placing him in fear

that she would engage, or would attempt to engage, in unlawful and non-consensual sexual conduct with him.

22. Plaintiff suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant BRESKIN's intentional conduct.

### CLAIM III - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

24. Defendant BRESKIN negligently inflicted emotional distress upon plaintiff RUSSELL by placing him in fear that she would engage, or would attempt to engage, in unlawful and non-consensual sexual conduct with him in the future.

25. RUSSELL has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant BRESKIN's negligent conduct.

### CLAIM IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

27. Defendant BRESKIN intentionally inflicted emotional distress upon plaintiff RUSSELL by placing him in fear that she would engage, or would attempt to engage, in unlawful and non-consensual sexual conduct with him in the future.

28. RUSSELL has suffered and continues to suffer severe and permanent mental

distress and emotional harm, as well as other consequential damages as a result of defendant BRESKIN's intentional conduct.

## CLAIM V - CIVIL RIGHTS

29. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

30. Defendant BRESKIN interfered with plaintiff RUSSELL's rights under the constitution and laws of the United States, and under the constitution and laws of the Commonwealth of Massachusetts by threats, intimidation and coercion.

31. Defendant BRESKIN's conduct deprived plaintiff RUSSELL of his constitutional rights to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon his gender, under both Article 1 of the Declaration of Rights, and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. Defendant BRESKIN is liable to the plaintiff in accordance with G.L. c. 12, §§11H & 11I.

32. Plaintiff RUSSELL suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. He has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## RELIEF REQUESTED

WHEREFORE, the plaintiff demands judgment against the defendant as follows:

A. On CLAIMS I through IV, in an amount which is fair, just and adequate for the injuries sustained, and the pain and suffering endured, plus interest and costs of suit.

B. On CLAIM V, in an amount which is fair, just and adequate for the injuries sustained, and the pain and suffering endured, plus double or treble damages, attorneys fees, interest and costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

By his Attorneys,

*/s/ Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
276 Union Avenue
Framingham, MA 01702
617-728-9123  / *carmen@dursolaw.com*

*/s/ Jeffrey S. Beeler*
JEFFREY S. BEELER
BBO#  563679
jbeeler@hbmhlaw.com
AMANDA BRYANT
BBO # 703258
abryant@HBMHlaw.com
Heinlein Beeler Mingace & Heineman, PC
276 Union Avenue
Framingham, MA 01702

February 26, 2026      508-626-8500