**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RUSSELL NATHAN BLATTBERG<br><br>                Plaintiff,<br>v.<br><br>JULIE GALE BRESKIN<br><br>                Defendant. | Case: 1:26-cv-11011-DLC |

**DEFENDANT'S *EMERGENCY* MOTION (i) TO DISMISS GIVEN THE PRIOR PENDING ACTION AND (ii) TO SEAL DOCUMENTS AND PLEADINGS CONSISTENT WITH THE STATE SUPERIOR COURT'S IMPOUNDMENT ORDER**

*(MEMORANDUM INCORPORATED)*

## Introduction

Defendant Julie Gale Breskin ("Defendant" or "Jane Doe") by and through counsel, respectfully moves this Court to dismiss Plaintiff Russell Nathan Blattberg's ("Plaintiff" or "John Doe") Complaint because Jane Doe previously filed a prior pending action against the Plaintiff arising from the same alleged facts and causes of action. In that state court action, the Massachusetts Superior Court, in the interests of justice, fairness and privacy, permitted Jane Doe to proceed using a pseudonym and allowed her motion for impoundment given the highly sensitive nature of this matter. In what can only be seen as outright gamesmanship, after receiving Jane Doe's Massachusetts action and knowing that the Superior Court had allowed Jane Doe's motion to impound, John Doe responded the next day by filing the same lawsuit in this Court, intentionally disclosing Jane Doe's name on the public record, and removing Jane Doe's prior filed Complaint to federal court as well.  Jane Doe seeks here, on an emergency basis, the immediate dismissal of John Doe's duplicative, later filed action and an order that the

1

record in the dismissed case be sealed with all names removed from the public docket. Jane Doe further requests a protective order against any further public disclosure by John Doe of the parties' identities or, alternatively, to allow the parties to proceed under a pseudonym. In support of her motion to dismiss and other requests, Defendant states as follows:

## Factual and Procedural Background

This action arises from John Doe's documented efforts to extort money from his mother, who has spent decades since John Doe's early adolescence through adulthood supporting him and attempting, unsuccessfully, to help him get the medical and psychiatric treatment he desperately needs. The detailed facts of this matter are set forth in the Complaint which Jane Doe filed in Essex Superior Court, attached hereto as Exhibit A. Jane Doe's interactions with her son, which are spelled out in detail in her state court Complaint, are characterized by years of manipulation and incessant harassment for money, fueled by her son's mental illness and pervasive gambling and drug addictions. When it recently became clear that Jane Doe would no longer succumb to her son's harassment, John Doe crossed the line by threatening to make public a salacious, *outrageous* and *false* allegation that his mother sexually abused him when he was a small child between 4 and 7 years old unless Jane Doe agreed to pay him millions of dollars. This is extortion.

John Doe then engaged counsel, Attorney Carmen Durso. On or about January 14, 2026, Mr. Durso sent notice of John Doe's intent to file a public lawsuit with a copy of a draft Complaint and a demand for a large sum of money. Attached hereto as Exhibit B are true and accurate copies of the referenced documents. Mr. Durso's letter imposed a deadline of February 16, 2026 for Jane Doe to respond.

Jane Doe then herself engaged under-signed counsel. Counsel contacted Mr. Durso to ask for additional time through the end of February 2026 to respond to the threatened claim. Despite John Doe's misplaced efforts to suggest otherwise, counsel made no commitment or agreement as to what Jane Doe's response would be and indeed memorialized counsel's communication in writing. Attached hereto as Exhibit C is a true and accurate copy of counsel's January 27, 2026, confirmatory email. Nowhere did counsel ever suggest that there would be settlement communications and there have been none.

On February 25, 2026, Jane Doe filed her Complaint in Essex Superior Court. See Exhibit A. It is captioned *Jane Doe v. John Doe*, Civil Action No. 2677CV00236D. Jane Doe urges the Court to read the Complaint as it spells out the background of this matter, its sensitive nature and makes apparent the grossly unfair and genuine risk of the destruction of Jane Doe's reputation if this matter is public. Jane Doe also filed an Emergency Motion to Impound Complaint in the state court action, along with an accompanying affidavit, in order to protect her privacy and reputation. A true and accurate copy of Jane Doe's as-filed Motion to Impound Complaint, and her Affidavit in Support of Impoundment, are attached here to as Exhibits D and E, respectively.

That same day (February 25, 2026), the Superior Court *allowed* Jane Doe's Motion to Impound and found "that immediate and irreparable injury may result if the motion is not allowed." *See* a true and accurate copy of the Clerk's Notice attached as Exhibit F. The Superior Court further ordered a return of service by March 3, 2026 for a hearing, to allow John Doe the opportunity to seek to dissolve the impoundment order. *Id*.

That same day (February 25, 2026), Jane Doe provided Mr. Durso with a courtesy copy of Jane Doe's Complaint, notified him of the Motion to Impound the Complaint and asked if he

would accept service on behalf of his client, John Doe. *See* a true and accurate copy of the February 25, 2026 email from H. Cooper to C. Durso, attached as Exhibit G. Plaintiff's counsel did not provide a substantive response.

On February 26, 2026, undersigned counsel provided John Doe's counsel with copies of the state court Complaint, the Motion to Impound, the Affidavit in Support of Impoundment, and the Clerk's Notice on the Court's order on impoundment and again asked John Doe's counsel if he would accept service on behalf of John Doe. *See* a true and accurate copy of counsel's email of February 26, 2026 from S. Eid to C. Durso, attached as Exhibit H. Undersigned counsel received no response from Mr. Durso.

Instead, in disregard of the state court's impoundment order and the prior pending action, on February 26, 2026, John Doe filed the instant, duplicative action intentionally using the parties' full names. John Doe did so with the obvious intent of punishing Jane Doe for filing her action and obtaining a court order which protected her privacy and reputation.

On February 27, 2026, John Doe filed a Notice of Removal of the state court action to this Court. A true and accurate copy of John Doe's Notice of Removal is attached as Exhibit I. It was through this Notice of Removal that Jane Doe learned that John Doe had filed a duplicative subsequent complaint in this court, again, using the filing to disclose the parties' names publicly despite the Superior Court's impoundment order.

Jane Doe now moves on an emergency basis to reverse John Doe's gamesmanship and restore the status quo ordered by the state court which the removed action is litigated in the Court. John Doe's duplicative, later filed Complaint in this case should be dismissed under the prior pending action rule. The Court should then remove, seal and/or impound the names in this

case from the public docket and issue a protective order against any additional disclosure of the parties' identities and require the parties to proceed under pseudonyms.

## Argument

### A. Dismissal Based on Prior Pending Action

Dismissal of a case is warranted where a prior pending action exists between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought. *Kersey v. Prudential Insurance Agency, LLC*, 2017 WL 5256995 (2017). The principle is particularly strong when both actions are pending before the same judge, as the First Circuit noted there is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket. *Cherelli v. InStore Group, LLC*, 513 F.Supp.3d 187 (2021). When determining whether a pending action is "duplicative," a court looks to whether the later action is "materially on all fours with the other." *Cong. Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994). Phrased another way, "[a] second lawsuit is impermissibly duplicative where it would be precluded by a final judgment in the first lawsuit." *Elliott-Lewis v. Abbott Labs.*, 378 F. Supp. 3d 67, 70 (D. Mass. 2019).

Here, the later action brought by John Doe involves the same two parties and is predicated upon the same set of facts and allegations: false claims of sexual assault against the Defendant. The two actions have both been assigned to Magistrate Judge Donald Cabell in the United States District Court for the District of Massachusetts, and, importantly, John Doe has expressly stated in his Notice for Removal that he will assert a counterclaim *in the prior pending state court action*, requesting relief for the same alleged injuries he claims falsely to have suffered as a result of Defendant's alleged sexual assault on him as a child, rendering this current action moot. *See* <u>Exhibit I</u>, at ¶12. The later filed action must be dismissed.

B. **The Court should order the Impoundment of the Complaint and all Future Filings, the Correction of the Docket to Eliminate Reference to the Parties' Names and Other Relief.**

As outlined in full detail in the state court Complaint (Exhibit A), John Doe is engaged in what the evidence at trial will show is extortionate behavior towards his mother. In knowingly filing a duplicative, later filed lawsuit he has now used this Court to begin following through on his threat to ruin his mother. Again, there is a long history here set forth in the state court *Jane Doe v John Doe* lawsuit and Jane Doe's affidavit which provides more than ample basis for the relief sought herein. Those pleadings demonstrate that Jane Doe is the victim here and she is entitled to protect her reputation and privacy which her son has threatened to destroy if she does not pay him money.[1]

   i.   Legal Standard and Argument for Impoundment

This court has supervisory power over its own docket, records and files, and access has been denied where court files might have become a vehicle for improper purposes. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, when a party moves to impound documents, "a court must carefully balance the competing interests that are at stake in the particular case." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9-10 (1st Cir. 1998) (citing *Nixon*, 435

---

[1] Briefly, as set forth in her Affidavit, Exhibit A, Jane Doe has been a licensed psychologist in the Commonwealth since 1987. She earned her Ph.D. in Clinical Psychology from Boston University in 1986 and completed an internship at McLean Hospital and a Post-Doctoral Fellowship at New England Memorial Hospital. She enjoyed a highly successful career running her own independent practice from 1992 – 2022 in which she treated children, adults and families. She has treated many trauma survivors. Jane Doe retired from private practice but currently serves as a bereavement group facilitator on a per diem basis. She has an unblemished record and many strong professional associations and friendships, all in addition to her personal relationships. In addition to her own good name and reputation, Jane Doe explains the danger of John Doe's allegations becoming public as it relates to the emotional well-being of her former patients and the newly bereaved individuals she serves with diligence and care.

U.S. at 597).  "The trial court enjoys considerable leeway in making decisions of this sort." *Siedle*, 147 F.3d at 10.  *See Nixon*, 435 U.S. at 599 ("the decision as to access is one best left to the sound discretion of the trial court").  In this Court, impoundment is appropriate when a request for it is "supported by good cause."  Local Rule 7.2(a). A "good cause" standard for impoundment requires "a particular factual demonstration of potential harm" rather than conclusory statements. *Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1986).

Under these unique circumstances, there is good cause for this Court to impound the names and incendiary, outrageous and false allegations contained in the Complaint and to issue a protective order against any further disclosures of the parties' identities.  John Doe's collateral motives in filing a duplicative, later-filed action are transparent: to defame, humiliate and inflict harm on Jane Doe, her family, friends, hundreds of former patients and community bereavement group members. If John Doe believes his allegations have any merit, then he can of course litigate them, but he cannot use civil process simply to inflict severe harassment and worse on the opposing party.

    ii.    <u>Legal Standard and Argument for Proceeding Under Pseudonym</u>

Similarly, district courts have discretion to permit parties to litigate matters anonymously and regularly do so.  *See Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995).  "The ultimate test for permitting a [litigant] to proceed anonymously is whether the [litigant] has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Id*. (internal quotations omitted). The presumption against pseudonymous litigation gives way only in "exceptional cases." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022), citing, inter alia, Fed. R. Civ. P. 10(a) and Fed. R. Civ. P. 17(a)(1), which provide that "[t]he title of the complaint must name all

the parties," and "[a]n action must be prosecuted in the name of the real party in interest," respectively.

A threat to reputation, on its own, is not sufficient to justify proceeding under a pseudonym. *Doe*, 46 F.4th at 70. In determining whether a case is "exceptional," a court must apply a "totality of the circumstances" test, looking in particular to four non-exhaustive paradigms that ordinarily satisfy that test: (1) whether a would-be Doe reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological); (2) whether identifying the would-be Doe would harm innocent non-parties; (3) whether anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and (4) whether the instant cause of action is bound up with a prior proceeding made confidential by law. *Id.* at 70-72 (quotation marks omitted).

Here, the first and most compelling factor is satisfied: Jane Doe faces a credible threat of unfair severe psychological harm. She has already suffered *severe* emotional distress and anxiety as a result of her son's effort to use outrageous and cruel allegations in order to get money from her. These facts present precisely the type of extraordinary harm that courts recognize as justifying anonymity. To require that Jane Doe proceed publicly under these circumstances is to allow John Doe to inflict the very harm he has threatened.

The second factor likewise favors protection. As noted in Jane Doe's affidavit, Plaintiff's allegations could have a rippling and destructive effect on innocent third parties including former patients and current community bereavement group members, none of whom are parties to this litigation. Courts are particularly protective where disclosure risks harm to innocent third parties. *See Doe.*, 46 F.4th at 71, citing, inter alia, *Doe v. Trs. of Dartmouth Coll.*, No. 18–CV–040–LM,

8

2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining that nonparty "has a stronger case for anonymity" than party).  The risk here is not speculative.

The third factor likewise weighs heavily in favor of protection. If litigants facing extortionate threats disguised as lawsuits have to expose themselves publicly to fight back, the predictable result is silence and succumbing to the extortion.  Allowing anonymity in these circumstances serves not merely Jane Doe's interests, but the broader institutional interest in ensuring that individuals facing these types of threats are not deterred from invoking the process of the court.  *See Doe*., 46 F.4th at 71, citing, inter alia, *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) (emphasizing need to ascertain whether "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated").

Finally, the fourth factor is met here. This instant action is bound up with a prior proceeding made confidential by a court order.  The prior pending lawsuit in which that order was issued has been removed to this Court. John Doe will suffer no prejudice here. His mother's identity is already known to him, ensuring his full ability to litigate any claims he thinks he has against her.

Finally, Jane Doe respectfully suggests to the Court that the facts and issues implicated herein raise far more serious issues than a plaintiff simply initiating a civil complaint for sexual assault against a defendant. Here, there is a pre-litigation record of John Doe's extortionate threats and there is now the unfortunate procedural history of John Doe filing a duplicative lawsuit for the sole purpose of exposing his mother's name publicly.

All of these facts, taken together, present a compelling case for anonymity.  *See Doe*., 46 F.4th at 72, citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 n.9 (1987) ("The various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases.").

**Conclusion**

For all of the reasons stated above, Jane Doe respectfully requests on an emergency basis that this Court dismiss the instant Complaint. Jane Doe further requests that the Court impound or seal this Complaint and remove the parties' names from the public docket. Finally, Jane Doe requests that a protective order is made against any additional disclosure of the parties' identities. Alternatively, Jane Doe requests that this Court allow the parties to proceed under a pseudonym.

Jane Doe respectfully requests an immediate hearing on this emergency motion.

                                        Respectfully Submitted,

                                        JULIE GALE BRESKIN

                                        By her attorneys,

                                        /s/ Howard M. Cooper
                                        Howard M. Cooper (BBO# 543842)
                                        *hcooper@toddweld.com*
                                        Sandy N. Eid (BBO# 707141)
                                        *seid@toddweld.com*
                                        TODD & WELD LLP
                                        One Federal Street, 27th Floor
                                        Boston, MA 02110
                                        Tel: (617) 720-2626
                                        Fax: (617) 227-5777

Dated: March 2, 2026

**CERTIFICATE OF SERVICE**

      In accordance with Federal Rule of Civil Procedure 5 and Local Rule 7.1(c), I hereby certify that on March 2, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel or record registered with the Court's CM/ECF system.

      Carmen L. Durso
      CARMEN L. DURSO, ESQUIRE
      BBO # 139340
      Law Office of Carmen L. Durso
      276 Union Avenue
      Framingham, MA 01702
      *carmen@dursolaw.com*

      Howard M. Cooper