UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

***************************************
\*
RUSSELL NATHAN BLATTBERG,        \*
         Plaintiff        \*
\*
v.        \*        C. A. No. 1:26-cv-11011
\*
JULIE GALE BRESKIN,        \*
         Defendant        \*
\*
***************************************

## AFFIDAVIT OF CARMEN L. DURSO
## IN OPPOSITION TO
## DEFENDANT'S MOTION FOR IMPOUNDMENT

1. I am Carmen L. Durso, attorney for Russell Nathan Blattberg, plaintiff in this action. My practice is limited to representation of sexual abuse survivors in civil actions. Because of the nature of my work, when I am prepared to file a civil action, my preferred approach is to send a copy of a draft complaint to the defendant, offering an opportunity to discuss the claim, and potentially to resolve it without litigation.

2. Almost every defendant will contact a lawyer, which is desirable, and more likely to lead to a non-court outcome. For that reason, I always indicate a date by which I will fill suit if there is no contact, leaving enough time for an attorney to be found and hired.

3. I am aware the defendant has previously filed litigation against the plaintiff, in the Massachusetts Probate and Family Court, relating to a trust of which plaintiff is the beneficiary. I am also aware there is current litigation pending in the Arizona courts, concerning this defendant, relating to the same trust. As I understood these cases involved significant financial issues, I made a decision it was in the interest of all concerned to limit this case to matters directly related to the abuse claim.

4. Since the decision rendered by late Supreme Judicial Court Chief Justice Ralph Gants in *Globe Newspaper v. Clerk*, Suffolk, No. 01-5588-F (MA.Super. Feb. 4, 2002), established the privacy rights of child sex abuse victims, it has been my practice to file a motion seeking to use a pseudonym for my clients, except when they chose not to exercise that right. The plaintiff in this case decided not to seek anonymity.

5. The *Globe* decision also sets forth the reasons why a defendant in these claims does not have the same privacy rights. I noted the defendant was a party in the Probate Court case, using her own name, and naming the plaintiff (discussing many of the same personal and medical issues raised in this case). She is also named as a party to a conspiracy against the plaintiff in the Arizona case.

6. On January 14, 2026, I sent the defendant a letter and a draft Complaint, a copy of which is attached, marked "A." In that letter I indicated I would file suit on February 16, 2026, if I did not hear from her or her attorney by that date.

7. On January 27, 2026, I received a call from Attorney Howard Cooper, whom I knew from prior contacts, stating he was representing the defendant. He told me he had a trial commencing in February, and asked if I would not take any action until the end of the month. I said there was no statute of limitation issue so I would give him whatever time he needed.

8. Mr. Cooper confirmed our conversation with an email that day stating:

> We agreed that I would be back to you in response to your letter to [defendant] **by the end of February**. Of course, if I am in a position to tell you her response sooner, I will do so.

Copy attached, marked "B."

9. Because of the winter storm, on February 24th and 25th, I shoveled snow on both days, and worked from home when I could, with limited internet and WiFi connections. I did not see the message from Mr. Cooper on the 24th, stating "Are you available Friday morning for a call about this matter?" until later on the 25th.

Copy attached, marked "C."

10. Sometime after 6:00 p.m., on the 25th, I learned that Mr. Cooper had filed suit on behalf of the defendant against the plaintiff in my case, in Essex Superior Court. I was shocked that my extension of courtesy, agreeing not to file my client's suit in Federal Court before the end of February, had been used by him in an attempt to preempt my client's suit.

Copy attached, marked "D."

11. Moreover, Mr. Cooper also stated in that same email:

> "We will be sending to you **tomorrow** copies of our emergency motion to impound this case and our proposed findings/order **filed today**."

2

12. I confess to being both angered and confused by this information. Massachusetts Superior Court Rule 9A(d)(1), regarding the procedure for filing Emergency Motions is clear:

> Emergency motions . . . **must be served** on all parties forthwith **upon filing**; provided, however, that a party filing an emergency motion **shall certify** in the motion that it **has made a good faith effort to contact and confer with all parties** regarding the subject of the motion, and shall set forth in the motion **whether any party assents to or opposes the emergency motion**. The **nature of the emergency must be clearly specified** in the motion.

13. Clearly, there was no attempt to comply with the rule. I could have gone to the Superior Court where I believe the Court would have noted the several procedural failures, the lack of an actual emergency, the case law which strongly disfavors impoundment in these circumstances, and denied the motion.

14. I decided instead the best way to protect my client's rights was to file his Complaint immediately, and to remove the state case to Federal Court. I attempted to file my client's claim on the evening of the 25th, but couldn't do so because of continued internet issues. I was able to do so on the 26th, and as soon as I could after that, I effected the removal of the state case on the 27th.

15. I was not able to do so the next morning on the 26th. Because I had been out of the office for three days, I had several immediate matters, including going to a bank to send a client wire transfer, and negotiating a tolling agreement with three lawyers and two insurers. I was able to complete the entry of my client's case in federal court after 5:00 p.m., but before the 6:00 p.m. cutoff.

16. During the 26th, I received 247 email messages. Among them was one sent to me by Attorney Eid, about noontime that day, with information about the Superior Court's order – after the fact. It appeared on my screen as "Eid, Sandy," a name which I did not recognize, and I did not read that email until after filing the Complaint in federal court. On the morning of the 27th, I effected the removal of the state case.

17. I am saddened to see an attempt to characterize what happened here as an attempt to manipulate the Court system. In 60 years of law practice I have never refused an opposing attorney any reasonable accommodation. It was clear to me that I was agreeing not to file my client's suit before the end of February. To have another attorney file suit before that time — without a word to me that it was going to happen – was simply unthinkable.

18. There was no emergency here because of my agreement not to file suit before the end of February. The only reason for not giving me prior notice of the motion for impoundment in Superior Court, so I could be heard, is how unlikely it was to be granted at a contested hearing, since the controlling law is so unfavorable to such requests. I hope the Court will allow us to argue only whether impoundment should be allowed in this case, and decide that issue on its merits.

Signed under the pains and penalties perjury on March 11, 2026.

_____
CARMEN L. DURSO

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, in accordance with the Court's ECF Administrative Procedures, on March 11, 2026.

/s/ Carmen L. Durso
CARMEN L. DURSO