

# COMMONWEALTH OF MASSACHUSETTS

**ESSEX, SS.**                         **SUPERIOR COURT DEPARTMENT**
                                          **OF THE TRIAL COURT**

JANE DOE

        Plaintiff,                    Civil Action No: ᒎᏁᎵᎵᏁ CᏉ ᏗᏗᏗᏗᏗᏗᏁᏁᏗᏁᏁ

v.

JOHN DOE

        Defendant.

## PLAINTIFF'S *EMERGENCY* MOTION TO IMPOUND COMPLAINT

### (Memorandum Incorporated)

Pursuant to Massachusetts Trial Court Rule VIII, Uniform Rules on Impoundment Procedure ("URIP"), Plaintiff, Jane Doe ("Plaintiff"), hereby moves on an emergency basis, for an Order impounding the Complaint she is filing today against her son, John Doe ("Defendant"), and any future filings in the above-captioned lawsuit.

This is a highly sensitive matter brought by Plaintiff against her son as a result of his efforts to extort his mother by threatening to publish false allegations of childhood sex abuse against her if she refuses his monetary demands. As set forth in detail in the Complaint, the defendant suffers from a long history of mental illness including psychosis, paranoia, delusions and cannabis use disorder, all of which have been documented by various psychiatric institutions.

1

Plaintiff asserts in her Complaint claims for defamation and intentional infliction of emotional distress as a result of Defendant's threats and false statements. The facts that Plaintiff asserts in her Complaint contain references not only to these extremely sensitive and blatantly defamatory allegations but also include detailed references to Defendant's psychiatric records and mental health diagnoses over the years which are necessary for Plaintiff to demonstrate the falsity of the allegations. Plaintiff respectfully requests the protection of an Order of Impoundment to protect her privacy. At the same time, allowing Plaintiff's Motion to Impound will protect Defendant's sensitive mental health information as well. In further support of Plaintiff's Motion to Impound, Plaintiff states as follows:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff respectfully refers the Court to the detailed allegations set forth in her Complaint and in her Affidavit, which she is filing today.

## II.    LEGAL STANDARD

The Court has full discretion to impound the filings in a pending matter and to deny public inspection of them when the interests of justice so require. *H.S. Gere & Sons, Inc. v. Frey*, 400 Mass. 326, 329 (1987) (quoting *Sanford v. Boston Herald-Traveler Corp.*, 318 Mass. 156, 158 (1945)). In exercising its' discretion, the Court must balance the privacy interests at stake against the general "principle of publicity" which governs judicial proceedings in this Commonwealth. *H.S. Gere & Sons, Inc.*, 400 Mass. at 329. Through this balancing process, the Court must determine whether "good cause" exists to order impoundment and must tailor the scope of the impoundment order so that it does not exceed the need for impoundment. *Id.* at 329. To ascertain whether "good cause" has been shown, "the court shall consider all relevant factors including, but

not limited to, (i) the nature of the parties and the controversy, (ii) the type of information and the privacy interests involved, (iii) the extent of community interest, (iv) constitutional rights, and (v) the reason for the request." Uniform Rules on Impoundment Procedure, Rule 7(b). The burden of demonstrating the existence of good cause always remains with the party urging impoundment or continued impoundment. *In re Globe Newspaper Co., Inc.*, 461 Mass. 113, 120-121 (2011)

### III.    ARGUMENT

**A. Plaintiff has demonstrated "good cause" for impoundment of the Complaint and future filings because the false, defamatory allegations which give rise to her Complaint if made public will unfairly embarrass her and destroy her reputation.**

In interpreting the "good cause" requirement for impoundment under URIP Rule 7(b), Massachusetts courts have held that the protection of privacy interests and the avoidance of "annoyance, embarrassment, oppression, or undue burden or expense" constitutes sufficient good cause to justify impoundment. *See George W. Prescott Pub. Co. v. Register of Probate for Norfolk County*, 395 Mass. 274, 277 (1985) ("These cases are consistent with our long-standing view that a court has inherent equitable power 'to impound its files in a case and to deny public inspection of them when justice so requires,'" quoting *Sanford*, 318 Mass. at 158, *supra*) (emphasis added).

Plaintiff is a victim here. Her son's false and defamatory allegations that he was sexually abused by her, if made public, will wrongfully destroy her reputation – the very threat made by her son in seeking to extort her financially. Among other things, Plaintiff has been a licensed psychologist in the Commonwealth since 1987. She earned her Ph.D. in Clinical Psychology from Boston University in 1986 and enjoyed a highly successful career running her own independent practice from 1992 – 2022. She is retired from private practice but serves as a bereavement group facilitator on a per diem basis. She has an unblemished record and many strong professional associations and friendships.

Plaintiff is concerned for the emotional well-being of her former patients and her bereavement support group members. Plaintiff has been in the field for decades. She has seen and treated hundreds of patients over the years, and now, in a different role, continues to see and support the community of newly bereaved individuals and families. Plaintiff also treated many trauma survivors. If references to Defendant's false allegations are made public, they could significantly jeopardize the stability, well-being, relationships and trust of many people beyond Plaintiff's personal and collegial circle. What's more, the Defendant has already begun disseminating this false information to Plaintiff's extended family, humiliating her.

Additionally, despite his actions, Plaintiff wishes to protect the privacy of her son's medical and mental health history. Plaintiff still cares for her son. She has spent years trying to help him despite his behavior.

Plaintiff has demonstrated "good cause" for impoundment.

### B.  Plaintiff's privacy interest greatly outweighs any publicity interest.

Massachusetts courts have held that when conducting a balancing test between the privacy interests of a non-public figure against the "general principle of publicity" for the purposes of determining "good cause" for impoundment, "a legitimate expectation of privacy ... ordinarily is sufficient to constitute good cause[.]" *See George W. Prescott Pub. Co. v. Registry of Probate for Norfolk County*, 395 Mass. 274, 278 (1985). *See also H.S. Gere & Sons, Inc. v. Frey*, 400 Mass. 326, 331-332 (1987). Significantly, the Restatement (Second) of Torts provides in comment "h" to § 652D:

> *Private facts.* ... The extent of the authority to make public private facts is not, however, unlimited...In determining what is a matter of legitimate public interest, account must be taken of the customs and conventions of the community; and in the last analysis what is proper becomes a matter of the community mores. The line

4

is to be drawn when the publicity ceases to be the giving of information to which the public is entitled and becomes a morbid and sensational prying into private lives for its own sake, with which a reasonable member of the public, with decent standards, would say that he had no concern....

In a case involving private persons and allegations of unwanted sexual relations, the Court impounded the case file and the Supreme Judicial Court upheld that ruling. *See H.S. Gere & Sons, Inc. v. Frey*, 400 Mass. at 330-332. In *Globe Newspaper Co., Inc. v. Clerk of Suffolk County Superior Court*, 14 Mass. L. Rptr. (2002), the Superior Court established that "plaintiffs in the impounded cases, as the alleged victims of sexual abuse when they were children, have a compelling interest in preventing public disclosure of their identities." *Id.* at *7. Given the extremely personal and highly sensitive nature of childhood sexual abuse allegations and the fact that the Plaintiff's Complaint for Defamation necessarily must make reference to Defendant's false allegations of sexual abuse, Plaintiff possesses a legitimate privacy interest, and her privacy interests are extremely high. *See* the Restatement (Second) of Torts, comment "h" to § 652D, *supra*. By contrast, the public's interest is low because neither the Plaintiff nor the Defendant are public figures or entities. Since she is not a public figure, Plaintiff has met her burden to show she has a "legitimate expectation of privacy" in the facts here, and there is no significant, offsetting public interest.

## IV. CONCLUSION

For all of the reasons set forth above, the Court should enter an Order of Impoundment, in the form of the Proposed Order attached hereto as Exhibit One.

Respectfully Submitted,

JANE DOE,

By her attorneys,

Howard M. Cooper (BBO# 543842)
*hcooper@toddweld.com*
Christine R. Thompson (BBO# 667806)
*cthompson@toddweld.com*
Sandy N. Eid (BBO# 707141)
*seid@toddweld.com*
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
Fax: (617) 227-5777

Dated: February 25, 2026

6