UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
                                        *
JANE DOE,                               *
        Plaintiff                       *
                                        *
v.                                      *      C. A. No.  1:26-cv-11011
                                        *
JOHN DOE,                               *
        Defendant                       *
                                        *
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# MEMORANDUM OF REASONS IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

## I.  INTRODUCTION

Defendant has moved, pursuant to Fed. R. Civ. P 12 (f), to strike several of the numbered paragraphs ("¶#'s" hereafter) of Plaintiff's Complaint because they are redundant, immaterial, impertinent, or an insufficient defense.   While not a common motion, nor often allowed, it is particularly apt where Plaintiff has filed a 29 page, 153 paragraph, Complaint alleging only two (2) Counts.   In contrast, Defendant's Complaint, the first[1] document in this controversy, with five (5) Claims, is only 6 pages long, with 32 paragraphs, adhering to Fed. R. Civ. P. 8 (d)'s admonition to be "simple, concise, and direct."

What is the reason for this dichotomy?  The issues are simple. Defendant says Plaintiff mother sexually abused him as a child, which caused him damage. Plaintiff mother denies it happened, says she is defamed by the accusation, and it has caused  her to be

---

[1] While Defendant recognizes and accepts the Court's determination that Plaintiff's Complaint was the first one *filed* in a court, his Complaint is the original document which ignited this action.

damaged.  The rest of her Complaint is about other irrelevant past and present disputes.

The Court should strike the paragraphs relating to those matters because (1) they happened at a time beyond any applicable statute of limitations, or (2) they relate solely to unrelated judicial processes in other jurisdictions, or (3) they are past intra-familial events, reactions, and emotions, which have no connection to the claims and the defenses of the parties in the pending action.

## II.  FACTUAL BACKGROUND

Defendant was sexually abused by the Plaintiff, his mother, when he was 4 to 7 years old.   Defendant attempted to reach a compromise with Plaintiff by giving her prior notice of his intention to file suit. Rather than discuss this, upon becoming aware that Defendant intended to file suit against her, Plaintiff preemptively filed this suit against him in Essex Superior Court.  At that point, Defendant filed his suit in Federal Court, and also removed Plaintiff's state claim to this court.

Defendant moved to consolidate the two cases.  The Court allowed the motion and ordered the Plaintiff's Complaint to be the initiating pleading and for Defendant to file his claims as an Answer and a Counterclaim.

There are past and pending legal actions between Plaintiff and Defendant.

Defendant's deceased father set up a Trust, which provided for Defendant to receive 50% of the Trust assets at age 35.  When Defendant was 26 years old, Plaintiff filed an action in Massachusetts Suffolk Probate and Family Court, seeking to alter the Trust so  Defendant would not receive the expected payment.  Plaintiff's stated reason for the change was Defendant's lack of mental capacity.  The matter was eventually dismissed by the court as moot.  See Ex. A, the record of proceedings in the Suffolk County Probate

& Family Court, Docket No. SU14P1936PO, In the matter of [DEFENDANT] Irrevocable Trust, Dated 06/28/00, filed on August 12, 2014.

Subsequently, Plaintiff transferred management of the Trust to Arizona,[2] where there was litigation brought by Defendant, because he did not receive his expected Trust payment when he turned 35 years old.  This litigation is continuing to the present time.[3] See Ex. B, the Petition & Complaint in the Superior Court of Arizona, Pima County, Docket No. PB20201325, In the Matter of the Estate of [DEFENDANT] 2000 Irrevocable Trust, filed on November 14, 2025.

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense [*4]  or any redundant, immaterial, impertinent, or scandalous matter." Because striking a pleading is a "drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." Morell v. United States, 185 F.R.D. 116, 117 (D.P.R. 1999). To succeed, the movant must show that the *allegations being challenged are completely immaterial with no question of law or fact to be decided and that allowing them to remain will be prejudicial to the moving party*. Id. at 117-18. A motion to strike affirmative defenses may also succeed if "the *allegations confuse the issues and do not amount to a valid defense*." Asphaltos Trade, S.A. v. Bituven P.R., LLC, 2021 U.S. Dist. LEXIS 48473 at *4, 2021 WL 965645 at *1 (D.P.R. March 15, 2021)

*Ríos v. Mennonite Gen. Hosp., Inc.*, 2026 U.S. Dist. LEXIS 6713, *4, 2026 LX 13044, 2026 WL 84229.  [Emphasis added]

"Generally, a motion to strike affirmative defenses will only be granted when 'the allegations being challenged are so unrelated to plaintiff's claim as to be unworthy of any consideration as a defense." Asphaltos Trade, 2021 U.S. Dist. LEXIS 48473, 2021 WL 965645, at *1 (internal citations omitted).

*Bloom v. Campbell*, 2025 U.S. Dist. LEXIS 228866, *4, 2025 LX 528029

---

[2] Defendant has been informed that the Trust has recently been transferred to Nevada.

[3] There is a pending motion which is expected to be decided prior to a trial scheduling conference at the end of April.

Even without a showing of prejudice, courts have stricken "repetitious and unnecessary pleadings" to remove "clutter" from the case. Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (first quoting In re Feely, 393 B.R. 43, 51 (Bankr. D. Mass. 2008) and then quoting Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)).

*Sheffield v. City of Boston*, 319 F.R.D. 52, 55, 2016 U.S. Dist. LEXIS 149739, *6, 2016 WL 6496432.

Courts presented with motions to strike counterclaims requesting declaratory judgment have leveraged their more limited ability to strike a nonprejudicial counterclaim under Rule 12(f) with [*9] the "complete discretion" they have to strike an opposing party's request for declaratory judgment under 28 U.S.C. § 2201.5 Transpac Marine, LLC v. Yachtinsure Servs., Inc., 655 F. Supp. 3d 18, 29 (D. Mass. 2023) ("a district court has 'complete discretion in determining "whether and when"' . . . to . . . grant an opposing party's motion to strike") (quoting Zurich Am. Ins. Co., 796 F. Supp. 2d at 246). Courts employing this broad discretion have, in some cases, stricken even non-prejudicial counterclaims in the interest of expediency to "remov[e] 'unnecessary clutter' from the case." Id. (quoting Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)); see also Zurich Am. Ins. Co., 796 F. Supp. 2d at 246 (granting motion to strike counterclaims that "reiterate[d] affirmative defenses asserted and all address[ed] issues already before the Court by virtue of [Plaintiff's] Amended Complaint and [Defendant's] Answer"); see also In re Feeley, 393 B.R. 43, 51 (Bankr. D. Mass. 2008) (citation omitted) (granting motion to dismiss counterclaims that "merely restate[d] an affirmative defense, or which [sought] the opposite effect of the complaint").

*Deckers Outdoor Corp. v. Primark United States Corp.*, 2023 U.S. Dist. LEXIS 217808, *8-9, 2023 LX 35155, 2023 U.S.P.Q.2D (BNA) 1459, 2023 WL 8477409.

## IV.  ARGUMENT

Defendant requests the Court to strike the following paragraphs of Plaintiff's Complaint for the reasons stated: Redundant ("RED"), Immaterial ("IMM"), Impertinent ("IMP"), or beyond Statute of Limitations ("SOL").

1.   ¶ #'s 1– 4, 6     Defendant's Mental Health History - IMM/IMP

2.   ¶ # 5             Conflates Claims with Trust Litigation - IMM

3.   ¶ # 11            Lists Defendant's Date of Birth - IMM/IMP

4.   ¶ #'s 12–17       Plaintiff's Marital History - IMM/IMP

5.    ¶ #'s 18–19     Defendant's Mental Health History - IMM/IMP/RED/SOL

6.    ¶ #'s 23–33     Defendant's Mental Health History - IMM/IMP/RED/SOL

7.    ¶ #'s 34–69     Defendant's Mental Health History - IMM/IMP/RED/SOL

8.    ¶ #'s 72–97     Defendant's Mental Health History - IMM/IMP/RED/SOL

9.    ¶ #'s 103–105 Defendant's Mental Health History - IMM/IMP/RED/SOL

10.    ¶ #'s 20–22     Establishment of Defendant's Trust - IMM

11.    ¶ #'s 70–71     Plaintiff-Defendant's Trust Litigation - IMM

12.    ¶ #'s 107–117 Plaintiff-Defendant's Trust Litigation - IMM

13.    ¶ #'s 121–123 Plaintiff-Defendant's Trust Litigation - IMM

## A.    Defendant's Mental State.

In a 2014 Massachusetts Probate Court Petition, Plaintiff asserted the reason to deprive Defendant of his Trust payment was because he was mentally incompetent.  It is not clear whether Plaintiff is making the same argument of Defendant's mental incapacity in this action, but it is noteworthy that her present Complaint repeats language almost identical to that which she stated 12 years ago in her Petition in the Probate Court.  See Ex. A, Petition, ¶¶ 11-19.

Defendant is accused of committing two intentional torts. If Plaintiff claims Defendant lacks mental competence, she is asserting a defense to an intentional tort.  If she is not asserting mental incompetence, then her redundant recitations of Defendant's mental history are irrelevant.  In either case, all of events discussed occurred well before February 25, 2023, and are thus beyond either of the applicable Statutes of Limitations. See Mass. G.L. c. 260,  §§2A & 4, which limit actions for tort claims and defamation, respectively, to three years.

## B.    The Trust Litigation.

There is no rational connection between the continuing Trust litigation in another

5

state, and Defendant's alleged acts of defamation, inflicting emotional distress on the Plaintiff.  Yet Plaintiff discusses it at length in her Complaint, including how long she has been trying to deny her son his inheritance from his father.  Unless she can identify an issue in those paragraphs, which is clearly relevant to the claims and defenses, all references to the Trust should be stricken from Plaintiff's Complaint.

**C.    Prior Emotional Events & The Statute of Limitations.**

When two persons are closely related, and have a long history of familial interactions, there are undoubtedly times when, intentionally or otherwise, they inflict emotional distress upon each other.  If every one of those life events were actionable, the Courts would have time for no other business.  Fortunately, the standard for allowing a claim of intentional infliction of emotional distress is high.  *Polay v. McMahon*, 468 Mass. 379, 384 (2014):

> "Liability cannot be predicated on 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities,' nor even is it enough 'that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.' " *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 466, 681 N.E.2d 1189 (1997), *quoting Foley v. Polaroid Corp., supra*. Conduct qualifies as extreme and outrageous only if it "go[es] beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Roman v. Trustees of Tufts College*, 461 Mass. 707, 718, 964 N.E.2d 331 (2012), *quoting Foley v. Polaroid Corp., supra*. A judge may grant a motion to dismiss where the conduct alleged in the complaint does not rise to this level. *See Beecy v. Pucciarelli*, 387 Mass. 589, 596, 441 N.E.2d 1035 (1982).

The many unhappy events of Defendant's youth and young adulthood described by Plaintiff do not meet this standard.  But even if they did, the ones recounted in the requested stricken paragraphs all occurred years before the three year statute of limitations period commenced, and should be stricken for that reason also.

6

## CONCLUSION

One of the reasons courts do not often grant a motion to strike is because it may be filed "simply as a dilatory tactic."  But this motion has been filed because the effect of granting it would be to expedite, rather than delay, the litigation.  Therefore, Defendant respectfully requests the Court to grant this motion.

By his Attorneys,

/s/ Carmen L. Durso
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
276 Union Avenue
Framingham, MA 01702
617-728-9123 / carmen@dursolaw.com

/s/ Jeffrey S. Beeper
JEFFREY S. BEEPER, ESQUIRE
BBO#  563679
jbeeler@hbmhlaw.com
/s/ Amanda Bryant
AMANDA BRYANT, ESQUIRE
BBO # 703258
abryant@HBMHlaw.com
Heinlein Beeper Mingace & Heineman, PC
276 Union Avenue
Framingham, MA 01702
April 22, 2026                    508-626-8500

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, in accordance with the Court's ECF Administrative Procedures, on April 22, 2026.

/s/ Carmen L. Durso
CARMEN L. DURSO

7