FILED
IN CLERKS OFFICE

2026 APR 22  PM 3: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

# Ex. A

# SU14P1936PO In the matter of: Russell N. Blattberg Irrevocable Trust Dated 06/28/00

Case Type:
Probate Other

Case Status:
Active

File Date
08/12/2014

DCM Track:

Initiating Action:
Trust Petition

Status Date:
08/12/2014

Case Judge:

Next Event:

---

All Information    Party    Event    Docket    Disposition

## Party Information

Breskin, Julie G
- Petitioner

- DOD                                Alias

Party Attorney
- Attorney
- Dugan, Esq., John G
- Bar Code
- 137360
- Address
- Doherty, Dugan, Cannon, Raymond and Weil, P.C.
  124 Grove St
  Franklin, MA  02038
- Phone Number
- (508)541-3000
- Attorney
- Howitt, Esq., Melissa Ann
- Bar Code
- 625037
- Address
- Doherty, Dugan, Cannon, Raymond and Weil PC
  124 Grove St
  Suite 220
  Franklin, MA  02038
- Phone Number
- (508)541-3000

More Party Information

Kaplowitch, Scott B
- Petitioner

- DOD                                Alias

Party Attorney

More Party Information

Russell N. Blattberg Irrevocable Trust Dated 06/28/00
- Subject/Respondent

Case Details - Massachusetts Trial Court N2                    https://www.masscourts.org/eservices/searchresults.page?x=Z7GN0...

- DOD

**Alias**

**Party Attorney**
- Attorney
- Yanoff, Esq., Warren M
- Bar Code
- 536280
- Address
- 19 Cedar St
  Worcester, MA  01609
- Phone Number
- (508)797-4755

**More Party Information**

## Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 02/27/2015 09:00 AM | Judge Ross Session | Courtroom 1 | Motion | Ross, Hon. Abbe L | Event Held |
| 02/27/2015 09:00 AM | Judge Stahlin Session | Courtroom 1 | Motion | Stahlin, Hon. Jeremy A | Case Not Heard and Rescheduled |
| 03/08/2015 09:00 AM | Judge Ross Session | Courtroom 1 | Motion | Ross, Hon. Abbe L | Event Not Held - Party did not Appear |
| 07/31/2015 09:00 AM | Judge Ross Session | Courtroom 1 | Motion | Ross, Hon. Abbe L | Event Held |
| 01/20/2016 10:00 AM | Judge Ross Session | Courtroom 1 | Review Hearing | Ross, Hon. Abbe L | Event Held |
| 04/06/2016 11:00 AM | Judge Ross Session | Courtroom 1 | Motion Hearing: Contested | Ross, Hon. Abbe L | Event Held |
| 04/15/2016 08:30 AM | Judge Ross Session | Courtroom 1 | Motion | Ross, Hon. Abbe L | Case Not Heard and Rescheduled |
| 05/20/2016 08:30 AM | Judge Ross Session | Courtroom 1 | Motion | Ross, Hon. Abbe L | Taken Off List |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 08/11/2014 | Petition | 1 | Image |
| 08/11/2014 | Affidavit of statement of the case | 2 | Image |
| 08/19/2014 | NOTICE:  Citation on a Trust Petition requesting to Modify the provisions of the Russell N. Blattberg Irrevocable Trust dated June 28, 2000 by approving and incorporating the changes to the Trust as set out in the attached Exhibit 2 issued. | | Image |
| 09/26/2014 | Citation Filed; Served as Ordered 08/29/2014 | 3 | Image |
| 10/20/2014 | CASE SENT TO J. STAHLIN 10/21/14 | 4 | |
| 10/22/2014 | Fee Generating Appointment, Michelle Mannix, Esq. appointed as D Guardian ad litem in an Estate/Administration ca On 10/22/2014 by Hon. Brian J. Dunn For the mentally incapacitated Reason: Appointee has particular subject matter knowledge | 5 | |
| 10/22/2014 | Appointment of GAL dated 10/22/14 | 6 | Image |
| 10/23/2014 | Order dated 10/22/14 | 7 | |
| 12/04/2014 | Acceptance of Appointment as G.A.L. by Michelle Mannix, Esq. | 8 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/02/2016 | Motion to dismiss the petition to reform the Russell N Blattberg trust | 36 | |
| 03/02/2016 | Motion to appoint counsel for unnamed and unascertained Beneficiaries | 37 | Image |
| 03/02/2016 | Motion for Attorney Fees | 38 | Image |
| 03/02/2016 | Russell N Blattberg's Objections to Petitioners Request to Modify the irrevocable trust | 39 | Image |
| 03/02/2016 | Affidavit in support of objections to the petition | 40 | Image |
| 03/02/2016 | Certificate of service | 41 | Image |
| 03/14/2016 | Motion of Petitioner for Independent Medical Examination | 42 | |
| 03/14/2016 | Motion for Speedy Hearing | 43 | Image |
| 03/14/2016 | Petitioner's Memorandum in opposition to Motion to Dismiss | 44 | Image |
| 03/14/2016 | Affidavit of Petitioner in opposition to Motion to Dismiss and in support of Motion for Independent Medical Exam | 45 | Image |
| 03/14/2016 | Motion of Petitioner to Strike Objections and Appearance | 46 | Image |
| 03/14/2016 | Petitioner's Memorandum in support of Motion to Strike Objections | 47 | Image |
| 03/14/2016 | Petitioner's Opposition to Respondent;s Motion for Attorney's Fees | 48 | |
| 03/23/2016 | Temporary Order - The Motion to Dismiss scheduled to be heard on APRIL 15, 2016 at 8:30 AM will now be heard on APRIL 6, 2016 along with the Motion to strike objections, the Hearing will be at 11:00 AM - Entered March 17, 2016 | 49 | Image |
| 03/25/2016 | Motion to quash Deposition | 50 | |
| 08/27/2016 | Motion: Other for clarification of order dated 04/28/16 with affidavit and certificate of serivce | 51 | Image |
| 08/23/2019 | This case was automatically disposed on 08/23/2019 per request from AOPFC with a case disposition of Metric Update. The auto dispose rules outlined by DRAP are: case must be filed before 12/31/2017, have an active status and an active case disposition and does not have an event scheduled since 1/1/2019. This Metric Update disposition code can be overwritten if the case eventually goes to judgment or decree. | | |

## Case Disposition

| Disposition | Date | Case Judge | |
|---|---|---|---|
| Active | | Tierney, Hon. Susan Sard | |
| Metric Update | 08/23/2019 | | |

Case Details - Massachusetts Trial Court N2                    https://www.masscourts.org/eservices/searchresults.page?x=Z7GN0...

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 12/04/2014 | Segregated report of G.A.L. | 9 | Image |
| 01/15/2015 | Motion OF PETITIONER TO AMEND PETITION TO MODIFY IRREVOCABLE TRUST | 10 | Image |
| 03/05/2015 | Motion motion of peticner to amend petition to mofigy irrevocable trust Allowed 02/27/2015 | 11 | Image |
| 03/24/2015 | NOTICE: Citation on a Trust Petition requesting to Modify the provisions of the Russell N. Blattberg Irrevocable Trust dated June 28, 2000 by approving and incorporating the changes to the Trust as sset out in the attached Exhibit 1 issued. | | |
| 04/15/2015 | Objection by gal for russell blattberg | 12 | Image |
| 04/15/2015 | Affidavit of objections | 13 | Image |
| 04/16/2015 | Citation Filed; Served as Ordered—returnables | 14 | Image |
| 05/11/2015 | Assent to Pet. to reform the trust | 15 | Image |
| 06/02/2015 | Motion of petitioner to strike objections & appearance    ws | 16 | Image |
| 06/02/2015 | Petitioner's Memorandum in support of motion to strike objections    ws | 17 | |
| 06/11/2015 | Certificate of Service June 8, 2015 | 18 | Image |
| 06/11/2015 | AMENDED General Trust Petition | 19 | Image |
| 06/11/2015 | Copy of Russell N. Blattberg 2000 Irrevocable Trust | 20 | |
| 07/01/2015 | Motion to dismiss    ws | 21 | Image |
| 07/01/2015 | Motion to allow GAL to hire counsel    ws | 22 | Image |
| 08/24/2015 | Fee Generating Appointment, Harriet Schechter, Esq. appointed as D Guardian ad litem in an Estate/Administration ca On 08/24/2015 by Hon. Abbe Ross Reason: Appointee has particular subject matter knowledge Appointment Terminated on 08/24/2015 | 23 | |
| 08/26/2015 | Notice of Appearance of Warren Yanoff as Attorney for Defendant Russell Blattberg | 24 | Image |
| 08/26/2015 | Objection of Michelle Mannix to Petition of Julie Breskin to modify Russell Blattberg Irrevocable Trust dated June 28, 2000 | 25 | Image |
| 08/26/2015 | Affidavit of Michelle Mannix in support of Objection to Petition | 26 | Image |
| 08/26/2015 | Petitioner's Opposition to Respondent's Motion to Dismiss | 27 | Image |
| 11/06/2015 | Fee Generating Appointment, Warren M Yanoff, Esq. appointed as D Guardian ad litem in an Estate/Administration ca On 08/24/2015 by Hon. Abbe L Ross Reason: Appointee has particular subject matter knowledge | 28 | |
| 11/18/2015 | Appointment of Harriet Schechter, Esqas Guardian ad Litem on August 19, 2015 is hereby VACATED Nunc Pro Tunc to August 19, 2015 - Entered November 9, 2015 | 29 | Image |
| 11/18/2015 | Motion of Petitioners to Strike Objections and Appearance of the Guardian ad Litem in behalf of Russell Blattberg  - DENIED November 5, 2015 without Prejudice | 30 | Image |
| 11/18/2015 | Copy of First Amendment of Russell N. Blattberg 2000 Irrevocable Trust | 31 | |
| 11/18/2015 | Motion to allow Guardian ad Litem to hire Counsel to be paid by Petitioners, individually or ther Trust to represent Russell N. Blattberg in the Petition to Modify the Irrevocable Trust dated June 28, 2000 - Allowed November 5, 2015 ( See Order dated November 5, 2015 ) | 32 | Image |
| 11/18/2015 | Motion to Dismiss Petitionto Modify the Russell N. Blattberg Irrevocable Trust  dated June 28, 2000 - DENIED November 5, 2015 | 33 | Image |
| 11/18/2015 | Memorandum and Order on Amended General Trust Petition filed February 27, 2015 and Various Motions - Further Hearing shall be held on JANUARY 20 2016 at 10:00 AM regarding these issues - Entered NOVEMBER 12, 2015 | 34 | |
| 02/18/2016 | Memorandum and Order  - Entered February 16, 2016 | 35 | |

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT DEPARTMENT

**Suffolk Division**                                          **No.**

|  |  |
|---|---|
| **In Re Russell N. Blattberg Trust** | ) |
| **dated June 28, 2000** | ) |
|  | ) |

## STATEMENT OF THE CASE

### I.    Nature of Action and Jurisdiction

Petitioner, Julie Breskin, is the sole surviving donor of the Russell N. Blattberg Irrevocable Trust dated June 28, 2000 ("the Trust"), a copy of which is attached as Exhibit 1. She seeks to modify the terms of the Trust by expanding the period during which the trustee will hold and administer the trust property, and by amending the method of appointment of successor trustees after the deaths of both donors. This Court has jurisdiction to modify irrevocable, non-charitable trusts under G.L. c. 203E, §§ 410 and 411.

### II.    Parties

1.    Petitioner, Julie G. Breskin, is the sole surviving donor of the Trust and resides at 98 Washington Square, Unit 1, Salem, Massachusetts.

2.    Respondent, Russell N. Blattberg ("Russell"), is the sole beneficiary of the Trust and is the son of Julie G. Breskin. Russell is 25 years old (born December 8, 1988). His last known address is 18717 Sunburst Street, Northridge, California.

3.    Scott B. Kaplowitch is the trustee of the Trust, with a usual place of business at Edelstein & Company LLP, 160 Federal Street, Boston, Massachusetts. The Trust is administered in his Boston office.

AUG 1 1 2014



## III.    Factual Allegations

4.    On June 28, 2000, Julie G. Breskin and her husband, Paul R. Blattberg, executed and the Trust for the benefit of their son, Russell, and appointed Richard A. Reisin as trustee.

5.    All funds held by the Trust have been contributed solely by Julie G. Breskin and Paul R. Blattberg.

6.    Paul R. Blattberg died on August 21, 2001.

7.    On October 19, 2011, pursuant to her authority as the sole surviving donor of the Trust, Julie G. Breskin appointed Barbara Ruhman, of Chicago, Illinois, to serve as Trustee of the Trust, with Scott B. Kaplowitch, of Boston, Mass. as successor Trustee.

8.    On December 31, 2013, Barbara Ruhman resigned as successor trustee. Scott B. Kaplowitch accepted the office as Trustee of the Trust and currently serves as Trustee.

9.    Upon the death of the last surviving donor, the Trust grants to Russell certain rights with respect to the appointment and removal of successor trustees. See Articles 2.7, 3.2.1 and 3.2.3

10.    Article 4.2.1 of the Trust provides for discretionary payments of income and/or principal for (i) the health, support in reasonable comfort, education, best interests and welfare of Russell and his issue, (ii) to permit Russell to engage in a profession to which the trustee believes there is reasonable likelihood for success and/or (iii) to permit Russell to make a reasonable down payment for a residence.

11.    Article 4.2.2 of the Trust provides for the distribution of 50% of the trust corpus to Russell, outright and free of trust, upon his attaining the age of 35 and for distribution of up to the entire principal as Russell may request upon his attaining the age of 40.

12.    Since the date of execution of the trust, Russell has gone for long periods without employment, resided for short times in various states and overseas, and acted irresponsibly with regard to his finances, to the extent of destitution.

13.    Russell decided not to return to college after completing one semester of his freshman

2

year at Bentley College, Waltham, Massachusetts in 2008. Both prior to and since that time, Petitioner has had to intervene with financial and legal assistance to address Russell's situation. Often, Petitioner's aid is a result of Russell's impulsive and irresponsible actions. For example:

a. Russell was a gifted poker player, traveled extensively overseas to compete in poker tournaments and won earnings in the hundreds of thousands of dollars. After receiving funds, Russell has consistently engaged in impulsive and risky lifestyle and commodities trading, overdrawn his bank accounts and impoverished himself.

b. Russell often travels to locations such as the Philippines and Uruguay, only to find himself without money or resources to return home.

c. Russell has not maintained steady employment or a consistent residence since leaving his mother's home in 2008. Since that time, Russell has lived in approximately twenty-seven different locations, many for only a month or so, including Newport Bluffs, CA; Las Vegas, NV (3 separate times); Edwards/Avon, CO; Hawaii, metro Chicago, IL; Pawcatuck, CT; Philadelphia, PA; Boulder, CO (2 separate times); Manila and Cavite, Philippines (3 separate times); Maldonado, Uruguay; 3 locations in Northeast Washington State; Tucson, AZ and Boulder, CO. In 2012 he moved back to the Philippines 3 separate times, each time stating that he was intending to stay.

d. Petitioner co-signed a 12-month apartment lease with Russell. Russell broke the lease after 6 weeks.

e. At the urging of his mother, Russell worked with a certified public accountant to negotiate and reconcile tax debts, including: 1) failure to attend to letters from the Massachusetts Department of Revenue regarding 2008 taxes; 2) he had failed to file multiple years of returns. He did not have the funds to pay these debts on his own which were paid from a separate trust under which Russell was the beneficiary. He has since refused to file further returns. He would not have resolved these issues on his own.

3

f.  Russell has incurred an indeterminable amount of debt that has resulted in many phone calls from collection agencies to Petitioner's residence.

g.  Russell's driver's license has been suspended due to his failure to fulfill outstanding obligations in Colorado.

h.  In April 2013 Russell received approximately $45.000 -- $10.000 received form his mother. and $35.000 as an advance on his paternal grandparent's trusts of which he is a beneficiary. By July 2013, Russell had spent the entirety of these funds and contacted Petitioner for financial assistance.  Despite Petitioner's request to the Trustee to maintain the remainder in trust for Russell's benefit. Russell received approximately $55.000 in December 2013. Petitioner's understanding is that those funds have been depleted.

14.    Through the urging of family members including Petitioner. Russell sought outpatient treatment from Michael Hollander, PhD a staff psychologist at McLean Hospital on multiple occasions, but has refused to engage in any long-term or consistent treatment or therapy despite many family members urging him to do so and offering support to do so.

15.    In May 2014. Russell was involuntarily hospitalized at Community Hospital Long Beach for 72 hours due to suicidal threats. He posted suicidal ideas on Facebook and he sent hostile email messages to Petitioner. Russell's 79 year old grandmother. and other family members implying that if he killed himself his family would be partially to blame.  Russell refused to cooperate with treatment and. despite maternal requests. was released after 72 hours.

16.    Upon his release Russell contacted Petitioner asking for $250.000 in exchange for entering treatment for 90 days. He expressed that he would then leave the country and cease all contact with his family. Petitioner agreed to fund treatment but did not pay Russell extra money to do so. Russell said that he would never speak to Petitioner again and hoped that she would be "haunted" every night or would "die."

17.    After a crisis. Russell agreed for his mother to arrange treatment at the Menninger Clinic

4

Comprehensive Psychiatric Assessment Service. As Russell was unwilling to cooperate in a full assessment, and was deemed by doctors there to be at grave risk without court-ordered medication in a safe holding environment (Menninger is a voluntary-only clinic), he was discharged on 7/03/14 and transferred to Houston Methodist Hospital, where he had involuntary status. A preliminary hearing was held on 7/9/14; the Judge ordered a furlough with Russell to reappear in Harris County Court on 7/14/14. Russell failed to appear on 7/17/14. By report, he fled the state.

18.     G.L. c 203E. § 412(a) provides:

*The court may modify the administrative or dispositive terms of a trust or terminate the trust if, because of circumstances not anticipated by the settlor, modification or termination will further the purposes of the trust. To the extent practicable, the modification shall be made in accordance with the settlor's probable intent.*

19.     At the time the Trust was executed, the Donors understood and intended that Russell would attend college, obtain employment and have a vibrant and positive lifestyle. The Trust was intended to provide support for Russell if both parents were deceased, and release the funds to Russell at an age where he would have attained maturity and stability.

20.     As currently drafted, the Trust would require the Trustee to disburse 50% of the trust corpus directly to Russell at the age of 35 and the remainder at age 40.

21.     The Trust, as written, does not take into account Russell's emotional instability and financial irresponsibility, and should be modified to provide long-term support and protection from creditors and financial predators.

22.     The proposed modification deletes the mandatory distributions at ages 35 and 40, provides for ongoing support and assistance for Russell's basic needs and living expenses during Russell's lifetime, and ultimate disposition of the Trust funds upon Russell's death.

23.     The proposed modification will further the purposes of the Trust, which are to use the

5

funds for Russell's needs and living expenses. and to allow some latitude for trust funds to be used in a way that will benefit Russell over the course of his lifetime rather than distribute them in full earlier in his life.

Wherefore. Petitioner respectfully requests that this Court:

1.    Modify the provisions of the Trust by approving and incorporating the changes to the Trust as set out in the attached Exhibit A.

2.    Make such further orders as the Court shall deem proper and just.

6

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

Suffolk Division                                No. SU14P1936PO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
In Re: Russell N. Blattberg Irrevocable    \*
Trust, dated June 28, 2000                  \*
                                            \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION OF PETITIONER TO AMEND PETITION TO MODIFY IRREVOCABLE TRUST

Now comes Julie G. Breskin, Petitioner in the above matter, and respectfully moves to amend the Petition by updating the Respondent's address, adding a contingent beneficiary as an interested party, and adding the Trustee as a Petitioner.

As reason therefore, the Petitioner states:

1. At the time she filed the original petition, she listed the Respondent's last known address, but has been advised by the Guardian Ad Litem of a new current address;

2. Eric Blattberg, who is the Settlor's son and a brother of Respondent, is a contingent beneficiary of the Russell N. Blattberg Irrevocable Trust and an interested party; and

3. The Settlor initiated this proceeding under *G.L. c 203E, § 411* on the premise that there would be an agreement for the proposed modification. As there appears to be no agreement at this time, the Petitioner wishes to join the Trustee as a party Petitioner, and, if necessary, prosecute the petition on a contested basis. *G.L. c 203E, §§ 410 – 417.*

Wherefore, Petitioner respectfully moves that this Court authorize the Petitioner to amend the Petition by correcting the Respondent's stated address, adding Eric Blattberg as an interested party and adding the Trustee, Scott B. Kaplowitch, as a party Petitioner.

Dated:  December 16, 2014

John G. Dugan/BBO # 137360
Doherty, Ciechanowski, Dugan & Cannon, P.C.
124 Grove Street, Suite 220
Franklin, MA 02038
508-541-3000 (T)
508-541-3008 (F)
jgd@dcdclaw.com

2

## CERTIFICATE OF SERVICE

I, John G. Dugan, attorney for Petitioner, certify that I this day served a copy of the within

Motion to Amend the Petition, together with notice that the same has been marked for hearing in

the Suffolk Probate and Family Court, 25 New Chardon Street, Boston, Mass. at 9:00 AM on

February 27, 2015, upon the following persons:


Mr. Russell N. Blattberg
14673 Valley Vista Boulevard
Los Angeles, CA 91403

Michelle Mannix, Esq.
Guardian Ad Litem for
Russell N. Blattberg
Post Office Box 6387
Boston, MA 02114


Mr. Scott B. Kaplowitch
Edelstein & Co.
160 Federal Street
Boston, MA 02110


Dated: 12/16/14

/s/ *John G. Dugan*

John G. Dugan

3

| AMENDED **GENERAL TRUST PETITION** | Docket No. SU14P1936PO | Commonwealth of Massachusetts The Trial Court Probate and Family Court |
|---|---|---|

| | Suffolk _____ Division |
|---|---|
| **Russell N. Blattberg Irrevocable Trust dated June 28, 2000** | 24 New Chardon Street |
| case name | |
| | Boston, MA 02114 |
| | (617) 788-8300 |

The Petitioner(s) (hereafter "Petitioner"), an interested person(s), makes the following statements:

1.  Petitioner is:

Name: _____ **Julie** _____ **G.** _____ **Breskin** _____
First Name          M.I          Last Name

_____ **98 Washington Square** _____ **Unit 1** _____ **Salem** **MA** **01970**
(Address)          (Apt, Unit, No. etc.)     (City/Town)   (State)   (Zip)

Primary Phone #:  **(978) 744-4174**

Interest of the Petitioner in the matter (e.g. Trustee, Beneficiary, etc):  **Settlor**

Name: _____ **Scott** _____ **B.** _____ **Kaplowitch** _____
First Name          M.I          Last Name

_____ **160 Federal Street** _____ **9th Floor** _____ **Boston** **MA** **02110**
(Address)          (Apt, Unit, No. etc.)     (City/Town)   (State)   (Zip)

Primary Phone #:  **(617) 227-6161**

Interest of the Petitioner in the matter (e.g. Trustee, Beneficiary, etc):  **Trustee**

2.  Identify the Trust and Settlor (e.g. ABC Trust, Trust under written instrument by Jane Smith, under the will of Jane Smith dated 1/1/12, etc.):

**Russell N. Blattberg Irrevocable Trust dated June 28, 2000, by Julie G. Breskin and Paul R. Blattberg**

Date of Trust: _____ **June 28, 2000** _____ Dates of Amendments, if any: _____
(date)

A copy of the trust and any amendments are attached or are on file with the Court.

Venue for this proceeding is proper in this Court because:

**The trustee' usual place of business is 160 Federal Street, Boston, Massachusetts, Suffolk County.**

3.  Current Trustee(s) is/are ☐ the Petitioner  **AND/OR** ☒ as follows:

Name: _____ **Scott** _____ **B.** _____ **Kaplowitch** _____
First Name          M.I          Last Name

_____ **160 Federal Street** _____ _____ **Boston** **MA** **02110**
(Address)          (Apt, Unit, No. etc.)     (City/Town)   (State)   (Zip)

Primary Phone #: **(617) 227-6161**

MPC 201 (1/16/13)                                                    page 1 of 2

4.  Persons interested in this trust and their representatives (Guardian, Conservator, etc.) are as follows:

| Name | Address | Interest | Indicate if this person is: |
|------|---------|----------|------------------------------|
| Julie G. Breskin | 98 Washington Square, Unit 1<br>Salem, MA 01970 | settlor | ☐ Minor<br>☐ Incompetent |
| Scott B. Kaplowitch | Edelstein & Company, LLP<br>160 Federal Street<br>Boston, MA 02110 | trustee | ☐ Minor<br>☐ Incompetent |
| Russell N. Blattberg | 14673 Valley Vista Boulevard<br>Los Angeles, CA 91403 | beneficiary | ☐ Minor<br>☐ Incompetent |
| Eric M. Blattberg | 132 Lafayette Avenue, Apt. 4R<br>Brooklyn, NY 11238 | beneficiary | ☐ Minor<br>☐ Incompetent |

5.  The Petitioner states the following:

**Please see "Statement of the Case" attached hereto and incorporated herein.**

**The Petitioner requests the Court do the following:**

**Modify the provisions of the Russell N. Blattberg Irrevocable Trust dated June 28, 2000 by approving and incorporating the changes to the Trust as set out in the attached Exhibit 1.**

## SIGNED UNDER THE PENALTIES OF PERJURY

I certify under the penalties of perjury that the foregoing statements are true to the best of my knowledge and belief.

Date: 12/05/2014          _____
                          Signature of Petitioner

Date: 12/6/2014           _____
                          Signature of Petitioner

Information on Attorney for Petitioner, if any

                          _____
                          Signature of Attorney

                          **John G. Dugan**
                          (Print name)

                          **124 Grove Street**          **Suite 220**
                          (Address)                     (Apt, Unit, No. etc.)

                          **Franklin**        **MA**    **02038**
                          (City/Town)         (State)   (Zip)

                          Primary Phone #:  **(508) 541-3000**

                          B.B.O. #  **137360**

                          Email:  **jgd@dcdclaw.com**

MPC 201 (1/16/13)                                              page  **2**  of  **2**

## EXHIBIT 1

### RUSSELL N. BLATTBERG 2000 IRREVOCABLE TRUST

THIS DECLARATION AND AGREEMENT OF TRUST made this 28th day of June, 2000, by and between JULIE G. BRESKIN and PAUL R. BLATTBERG, both of Marblehead, Massachusetts (hereinafter called the "Donors"), and RICHARD A. REISIN, of Chicago, Illinois (hereinafter called the "Trustee").

### WITNESSETH THAT:

WHEREAS the Donors, intending to create an irrevocable trust, hereby transfer the sum of One Dollar ($1.00), to the Trustee, and may from time to time assign, transfer or pay over to the Trustee other property; and

WHEREAS the Trustee hereby acknowledges that he has received said sum in trust and declares that he will hold, manage and invest the same, together with all property transferred to the trust by gift, by will, or otherwise from the Donors or anyone else (hereinafter in this paragraph referred to as the "Transferor") and accepted by him as Trustee, in one or more trusts hereunder, as directed by said Transferor. If no direction is received from the Transferor, said property, if accepted by the Trustee, shall be held in a separate trust hereunder subject to the terms of Article 4, or in such other trust hereunder as determined in the sole discretion of the Trustee.

NOW, THEREFORE, the parties hereto agree as follows:

### ARTICLE 1

This trust shall be known as the RUSSELL N. BLATTBERG 2000 IRREVOCABLE TRUST, and it shall be irrevocable and unamenable. This trust is a means by which assets may be held for the benefit of RUSSELL N. BLATTBERG (hereinafter "Russell") and his issue, whenever born, on the terms and conditions set forth in this instrument.

### ARTICLE 2 - TRUSTEE PROVISIONS

2.1    Any Trustee may resign by an instrument in writing signed and delivered to the other Trustee or Trustees then acting under this instrument, or to the next successor Trustee or Trustees designated in this instrument, if there are no Trustees then acting, and to the Donors if the Donors are then living. If no successor Trustee or Trustees are designated and if the Donors are not then living, a Trustee's resignation may be delivered to a majority of

EXHIBIT 2

## FIRST AMENDMENT
## RUSSELL N. BLATTBERG 2000 IRREVOCABLE TRUST

Acting pursuant to Decree dated _____, Suffolk Probate and Family Court

No. SU14P-1936PO, with respect to the above captioned trust established, I, Julie

Breskin, surviving donor hereby amend the RUSSELL N. BLATTBERG 2000

IRREVOCABLE TRUST ("Trust") as follows:

(1)    ARTICLE 1 is hereby deleted in its entirely and replaced with the

following ARTICLE 1:

"This trust shall be known as the RUSSELL N. BLATTBERG 2000
IRREVOCABLE TRUST and it shall be irrevocable and unamendable. This Trust is a
means by which assets may be held for the benefit of RUSSELL N. BLATTBERG
(hereinafter "Russell") on the terms and conditions set forth in this instrument."

(2)    PARAGRAPH 2.4 of ARTICLE 2 is hereby deleted in its entirety and

replaced by the following new PARAGRAPH 2.4:

"2.4    Upon the death of the Donors, there may, but need not, be more than one
(1) Trustee of each trust hereunder, the number of Trustees to be determined by
an instrument in writing by the Trustee or Trustees of said Trust then in office,
subject to the requirement that at least one (1) Trustee shall not be an interested
person as defined in Paragraph 21.4 hereunder."

(3)    PARAGRAPH 2.5 of ARTICLE 2 is hereby deleted in its entirety and

replaced by the following new PARAGRAPH 2.5:

2.5    "When SCOTT B. KAPLOWITCH ceases to act as Trustee, AMY
NAUGHTON, ESQ., currently of Boston, Massachusetts, shall serve as successor
Trustee."

1

(4)   PARAGRAPH 2.7 of ARTICLE 2 is hereby deleted in its entirety and replaced by the following new PARAGRAPH 2.7:

"2.7   At such time as there shall be no living Donor, any vacancy in the office of Trustee not filled pursuant to other provisions of this Agreement shall be filled by a new Trustee or Trustees appointed forthwith by the remaining Trustee by an instrument in writing, with notice to the persons eligible to receive net income from said trust at the time of said appointment who at the time are of legal capacity. At no time shall Russell N. Blattberg, Eric M. Blattberg, their spouses, children, employees, business associates or subordinates serve as a Trustee hereunder. Such appointment may be made by any then serving Trustee at any time, to take effect upon occurrence of such vacancy. If no such appointment has been made and there are at any time no Trustees then remaining, the person selected by a majority of the then owners of Doherty, Ciechanowski, Dugan & Cannon, P.C. shall become Trustee. The appointment of any successor Trustee shall be subject to the following terms and requirements:

2.7.1   At least one Trustee appointed hereunder shall qualify as a "Professional Trustee," as defined in Paragraph 21.3 hereunder."

(5)   PARAGRAPH 3.2 OF ARTICLE 3 is hereby deleted in its entirety and replaced by the following new PARAGRAPH 3.2:

"3.2   Upon the death of the Donors, any Trustee of any trust may be removed only by order, judgment or decree pursuant to a petition for removal filed in the Suffolk Division of the Massachusetts Probate and Family Court.

(6)   PARAGRAPH 4.2 OF ARTICLE 4 is hereby deleted in its entirety and replaced by the following new PARAGRAPH 4.2:

"4.2   Each Trust shall be held and distributed by the Trustee as follows:

4.2.1   The Trustee shall hold and may distribute from each Trust to Russell so much of the income and so much of the principal of the Trust, at such time or times and in such amounts and proportions as the Trustee, in the Trustee's sole and complete uncontrolled discretion may determine desirable including, but not limited to, distributions for the health, support in reasonable comfort, education, best interest, and welfare of Russell in each case considering all circumstances and factors deemed pertinent by the Trustee. The Trust is not intended to serve as a primary means of supporting Russell's lifestyle but should serve to provide security for him

2

over his lifetime. Under no circumstances shall the Trustee be required to make any distribution for any purpose hereunder. The Trustee may make or withhold distributions at any and all times.

4.2.2 Unless sooner terminated by payments of principal as hereinabove provided, the trust shall terminate upon the death of Russell, whereupon the Trustee shall pay and distribute the then remaining principal and undistributed income of such trust estate as follows:

i) Fifty Percent (50%) to the Trustee of the Eric M. Blattberg 2000 Irrevocable Trust, a trust established under an instrument executed by Julie G. Breskin and Paul R. Blattberg as Donors, on the 28th day of June 2000, as may be amended.

ii) Fifty Percent (50%) to The Shifting Foundation, Salt Lake City, Utah."

(7)     ARTICLE 7 is hereby deleted in its entirety and replaced by the following new

ARTICLE 7:

"If at any time there are no beneficiaries to or for whom distributions under the preceding provisions of the trusts hereunder may be made, the Trustee shall distribute the then remaining principal and undistributed income as follows:

7.1     Fifty Percent (50%) to the Trustee of the Eric M. Blattberg 2000 Irrevocable Trust, a trust established under an instrument executed by Julie G. Breskin and Paul R. Blattberg as Donors, on the 28th day of June 2000, as may be amended.

7.2     Fifty Percent (50%) to The Shifting Foundation, Salt Lake City, Utah."

(8)     PARAGRAPH 17.22 OF ARTICLE 17 is hereby deleted in its entirety and

replaced by the following new PARAGRAPH 17.22:

"17.22 To employ investment counsel, custodians, brokers, accountants, agents and attorneys, including, without limitation, any investment advisory, brokerage, law or accounting firm of which the Trustee may be a principal, proprietor, stockholder, member, associate, affiliate or employee, to advise or assist the Trustee in the performance of administrative duties, to act without independent investigation on their recommendations and, instead of acting personally, to employ one or more agents to perform any act of administration, whether or not discretionary, and, as an expense of the trust, to pay reasonable fees and compensation, for services rendered to the Trust, to such individuals, firms, or

3

corporations, including affiliates of the Trustee, unless already included in the compensation of the Trustee as set out in its prevailing schedule of fees. I further request that the Trustee employ DAVID ATKINS BRESKIN, currently of San Francisco, California, as investment advisor."

The remaining provisions of the **RUSSELL N. BLATTBERG 2000 IRREVOCABLE TRUST are hereby ratified and confirmed.**

Executed in _____, Massachusetts under seal this    day    of

_____, 2014.

_____
Julie G. Breskin, Donor

### COMMONWEALTH OF MASSACHUSETTS

, ss

On this    day of    , 2014, before me, the undersigned notary public, personally appeared JULIE G. BRESKIN, provide to me through satisfactory evidence of identification, which was _____, to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

_____
Notary Public
My Commission Expires:

The undersigned hereby acknowledges delivery of the foregoing instrument to them as Trustee, consents to the amendment made therein, and accepts the Trust as amended thereby this    day of    , 2014.

_____
Scott B. Kaplowitch, Trustee

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK. ss                         PROBATE & FAMILY COURT
                                    DOCKET NO.: 14P1936


IN RE: RUSSELL N. BLATTBERG TRUST


OBJECTION TO THE PETITION OF
JULIE BRESKIN AND SCOTT KAPLOWITCH DATED 12/5/2014

Comes now, Michelle A. Mannix, Guardian Ad Litem, on behalf of Russell N. Blattberg, and objects to the Petition that seeks to modify the Russell N. Blattberg Irrevocable Trust dated June 28, 2000.

Russell N. Blattberg, individually and by the Guardian Ad Litem, states as follows:

1. Re-alleges all objections filed in December 2014 on the Original Amended Petition dated 12/5/2014 by Julie Breskin;

2. Admits the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, and 20, of the Petitioner's Statement of the Case that was not attached to this filing but was attached in the previous filing.

3. Denies the allegations of paragraphs 12, 13, 14, 15, 16, 17, 19, 21, 22, and 23 of the Petitioner's Statement of the Case that was not attached to this filing but was attached to the previous filing.

4. For reasons stated below, the Petition must be dismissed.


Dated: 4/15/2015                    Respectfully submitted,
                                    By Guardian Ad Litem for Russell Blattberg

                                    Michelle A. Mannix, Esq.
                                    PO Box 6387
                                    Boston, MA 02114
                                    617-593-5298


APR 1 5 2015        (12)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

PROBATE & FAMILY COURT
DOCKET NO.: 14P1936

IN RE: RUSSELL N. BLATTBERG TRUST

AFFIDAVIT IN SUPPORT OF OBJECTION TO THE AMENDED PETITION

I, Michelle A. Mannix, Guardian Ad Litem on behalf of Russell N. Blattberg, hereby states as follows:

1. The Petitioners, Julie Breskin, and Scott Kaplowitch do not have standing to file a Petition to modify the irrevocable trust because the trust contains no provision for an alteration of the dispositive provisions. Article 1 of the Trust unambiguously states that "it shall be irrevocable and unamenable (sic)."
2. The Petitioner, the Trustee, Scott Kaplowitch, is not acting independently and has breached his fiduciary duty to Russell N. Blattberg in filing this Petition.
3. There seems to be a conflict for Julie Breskin's attorney as he now represents both Petitioners in this matter.
4. The Trust permits only the Trustee to exercise discretion in distribution to the beneficiary until such time that distribution is required (Article 9, Article 4.2).
5. The Trustee is the only person who has the authority to terminate the Trust and then must distribute the principal to the beneficiaries (Article 12).
6. The Trust specifically prohibits the Donor from making or participating in any decision regarding
   (1) the payment or accumulation of income of said trust; (2) the payment of principal of said trust; (3) the determination of what constitutes income and principal of said trust and the charges to be made against each; (4) the exercise of any incident ownership with respect to any policy of insurance on his own life; (5) the granting of any power of appointment to a beneficiary of any trust hereunder; and (6) the exercise of any power of amendment granted under any trust hereunder; and no Trustee shall delegate to an interested person any such power, authority, or discretion. (Article 15).
5. Article 21 defines an "interested person" as a Donor.
6. This a gift trust and not a grantor trust and as such the grantor, Julie Breskin, retained no rights to amend the trust.
7. The Petitioner misapplies G.L. c. 203E.
8. G.L. c. 203E, §410(b) requires that a proposed modification may be commenced by a trustee or beneficiary. An action for modification may only be commenced by a settlor "[i]f, upon petition, the court finds that **the settlor and all**



APR 1 5 2016   13

**beneficiaries consent** to the modification or termination of a non-charitable irrevocable trust, the court may approve the modification or termination even if the modification or termination is inconsistent with a material purpose of the trust." G.L. c. 203E, § 411(a).

9.  The Petitioner asserts that the modification is necessary to further the purposes of the trust to provide for Russell's needs over the course of his lifetime rather than earlier distribution. The Petitioner is in error because (1) her concerns are premature because she presumes that in 10-15 years (when distribution is required) Russell will not be able to care for himself. (2) The current Trustee has full discretion as current distributions (3) As a Donor, the Petitioner could have given the Trustee the authority to withhold distribution if a beneficiary were infirmed, mentally impaired, a spendthrift, or other concern as expressed in the Petition. The Petitioner failed to do so and is now prohibited from doing so.

10. Russell Blattberg is not currently under a Guardianship.

11. Russell Blattberg's circumstances ten years from now is unknown.

12. The Petition to Modify the Trust must be dismissed.

Signed this 15th of April, 2015, under the pains and penalties of perjury

Michelle A. Mannix

Objections filed by Guardian Ad Litem, Michelle A. Mannix, Esq. are agreed to by Russell Blattberg

Dated: 4/14/15

Russell N. Blattberg, beneficiary
of the Russell N. Blattberg Irrevocable Trust

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss
                                    PROBATE & FAMILY COURT
                                    DOCKET NO.: 14P1936

IN RE: RUSSELL N. BLATTBERG TRUST

### MOTION TO DISMISS

Comes now, Michelle A. Mannix, Guardian Ad Litem, on behalf of Russell N. Blattberg, and requests this Honorable Court to Dismiss the Petition to Modify the Russell N. Blattberg Irrevocable Trust dated June 28, 2000.

As reasons therefore, Russell N. Blattberg, individually and by the Guardian Ad Litem, states as follows:

1. Julie Breskin, the grantor, does not have the standing to modify the Petition as this was an irrevocable trust and there is no language allowing any alteration of the trust.
2. G.L. c. 203E, §410(b) requires that a proposed modification may be commenced by a trustee or beneficiary. An action for modification may only be commenced by a settlor "[i]f, upon petition, the court finds that **the settlor and all beneficiaries consent** to the modification or termination of a non-charitable irrevocable trust, the court may approve the modification or termination even if the modification or termination is inconsistent with a material purpose of the trust." G.L. c. 203E, § 411(a).

3. This is a gift trust, not a grantor trust and cannot be modified.

4. Russell Blattberg is only 26 years old, this action is extremely pre-mature in that the current trust does not distribute until Russell reaches the age of 35. The Trustee has no way to predict what the circumstances will be in 9 years for Russell Blattberg.

5. Russell Blattberg is not currently under any Guardianship or disability.

6. The Grantor's concerns are not currently documented or accurate and Russell Blattberg's lifestyle is not a basis for modifying the trust.

7. Counsel for Julie Breskin is also counsel for the Trustee in this Petition. This is a conflict of interest. The Donor/grantor, who first brought the Petition individually, and then amended it to add the Trustee. The Trustee has a fiduciary duty to the beneficiary, Russell Blattberg, and not to the grantor.

JUN 29 2015

8. The Trust could have been created with language giving the Trustee the power to withhold money or disbursement if certain conditions were not met (Spendthrift clause).

9. This Petition should be dismissed under M.G. c 203E.

WHEREFORE, Russell Blattberg respectfully requests this Honorable Court dismiss this Petition with prejudice.

Dated: 6/26/15

Respectfully submitted,
By Guardian Ad Litem for Russell Blattberg

Michelle A. Mannix, Esq.
PO Box 6387
Boston, MA 02114
617-593-5298

I hereby certify that on this 25th day of June, 2015, I served this Motion to Dismiss by first class mail to Petitioners' counsel. and email

Michelle A. Mannix

Petitioner's motions already scheduled for 7/31/15. Can this be placed on same date, thanks Michell

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## PROBATE AND FAMILY COURT DEPARTMENT

**Suffolk Division**

**No. SU14P1936PO**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In Re: Russell N. Blattberg Irrevocable    \*
Trust, dated June 28, 2000           \*
                                       \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION OF PETITIONER TO
## STRIKE OBJECTIONS AND APPEARANCE

Now come the Petitioners, Julie G. Breskin and Scott B. Kaplowitch, and respectfully move that this Court Strike the Objections and Appearance of the Guardian Ad Litem in behalf of Russell Blattberg, and enter a Decree and Order allowing the Petition to Modify the Russell N. Blattberg Irrevocable Trust.

The Petitioners have filed herewith a Memorandum in Support of this Motion.

Dated: May 27, 2015



John G. Dugan, BBO # 137360
Attorney for Petitioners
Doherty, Ciechanowski, Dugan & Cannon, P.C.
124 Grove Street, Suite 220
Franklin, MA 02038
508-541-3000 (T)
508-541-3008 (F)
jgd@dcdclaw.com

RECEIVED
MAY 20 2015

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss
                                           PROBATE & FAMILY COURT
                                           DOCKET NO.: 14P1936


IN RE: RUSSELL N. BLATTBERG TRUST


## MOTION TO ALLOW GAL TO HIRE COUNSEL


Comes now, Michelle A. Mannix, Guardian Ad Litem, on behalf of Russell N. Blattberg, and requests this Honorable Court to allow her to hire counsel, to be for paid by the Petitioners, individually, or theTrust, to represent Russell N. Blattberg in the Petition to Modify the Irrevocable Trust dated June 28, 2000.

As reasons therefore, Russell N. Blattberg, individually and by the Guardian Ad Litem, states as follows:

1. Russell Blattberg lives in California and has no desire to appear in Massachusetts.

2. Russell Blattberg does not have the personal funds to hire an attorney to oppose the Petitioners in this matter.

3. Russell Blattberg does not know any attorneys in Massachusetts besides the GAL, Michelle A. Mannix, appointed to this matter.

4. Russell Blattberg should not have to personally pay to protect his rights and interests in this matter.

5. The Petitioners are unnecessarily expending funds that are for the benefit of Russell Blattberg.

6. The Petitioners have resources that would permit them to pay counsel fees for Russell Blattberg.

In the alternative, the Trust has sufficient assets to hire an attorney to represent Russell Blattberg.

WHEREFORE, Russell Blattberg respectfully requests this Honorable Court to allow this GAL to hire and attorney for Russell Blattberg and have such counsel paid for by the Petitioners or the Trust.

Dated: 6/26/15

Respectfully submitted,
By Guardian Ad Litem for Russell Blattberg

Michelle A. Mannix, Esq.
PO Box 6387
Boston, MA 02114
617-593-5298

I hereby certify that on this 25th day of June, 2015, I have served this Motion upon Petitioners' counsel via first class mail and email.

Michelle A. Mannix

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                          PROBATE & FAMILY COURT
                                     DOCKET NO.: 14P.1936

IN RE: RUSSELL N. BLATTBERG TRUST

### OBJECTION TO THE PETITION OF JULIE BRESKIN

Comes now, Michelle A. Mannix, Guardian Ad Litem, on behalf of Russell N. Blattberg, and objects to the Petition of Julie Breskin that seeks to modify the Russell N. Blattberg Irrevocable Trust dated June 28, 2000.

Russell N. Blattberg, individually and by the Guardian Ad Litem, states as follows:

1. Admits the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, and 20, of the Petitioner's Statement of the Case.

2. Denies the allegations of paragraphs 12, 13, 14, 15, 16, 17, 19, 21, 22, and 23 of the Petitioner's Statement of the Case.

3. For reasons stated below, the Petition must be dismissed.

Dated: 12/3/2014                     Respectfully submitted,
                                     By Guardian Ad Litem for Russell Blattberg

                                     Michelle A. Mannix, Esq.
                                     PO Box 6387
                                     Boston, MA 02114
                                     617-593-5298

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon attorney of record for each party by mail on 12/3/2014

John G. Dugan, Esq - atty for Petitioner
Scott B. Kaplowitch - trustee

Objections filed by Guardian Ad Litem, Michelle A. Mannix, Esq. are agreed to by Russell Blattberg

Dated: 12/3/14

Russell N. Blattberg, beneficiary
of the Russell N. Blattberg Irrevocable Trust
14673 Valley Vista Blvd
Los Angleo, CA    91403
818. 268. 0262

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT DEPARTMENT

**Suffolk Division**                                        **No. SU14P1936PO**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In Re: Russell N. Blattberg Irrevocable   \*

Trust, dated June 28, 2000           \*

                                   \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION OF PETITIONER TO
## STRIKE OBJECTIONS AND APPEARANCE

Now come the Petitioners, Julie G. Breskin and Scott B. Kaplowitch, and respectfully move that this Court Strike the Objections and Appearance of the Guardian Ad Litem in behalf of Russell Blattberg, and enter a Decree and Order allowing the Petition to Modify the Russell N. Blattberg Irrevocable Trust.

The Petitioners have filed herewith a Memorandum in Support of this Motion.

Dated: May 27, 2015

John G. Dugan, BBO # 137360
Attorney for Petitioners
Doherty, Ciechanowski, Dugan & Cannon, P.C.
124 Grove Street, Suite 220
Franklin, MA 02038
508-541-3000 (T)
508-541-3008 (F)
jgd@dcdclaw.com

Suffolk ss      · Probate and Family Court

The within motion is allowed/denied w/out prejudice

Abbe L. Ross
Judge of Probate and Family Court



RECEIVED
MAY 29 2015

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

**Suffolk Division**                                                    No. SU14P-1936PO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**In Re: Russell N. Blattberg Irrevocable   \***
**Trust, dated June 28, 2000                \***
                                           **\***
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR CLARIFICATION
### Order dated April 28, 2016 (Ross, J.)

Now come the Petitioners, Julie G. Breskin and Scott B. Kaplowitch, and respectfully request that this Court clarify the Order dated April 28, 2016 ("Order"). Petitioners state that, after oral arguments of counsel, this Court allowed Russell Blattberg's Motion to Dismiss the Petition to Reform the Russell Blattberg Irrevocable Trust ("Motion") indicating that the Motion was Allowed "as to issue of ripeness. Denied as to issue of standing." The Court provides no further explanation.

The Order does not, on its face, provide a clear rationale or definition for the basis of this Order, rendering the Petitioners unable to determine when the Court would consider the matter to be "ripe." Respondent's Motion sets forth numerous arguments in support for dismissal, referencing Russell Blattberg's age, health, lifestyle and overall functioning. It is unclear as to what aspect of the Petitioners' claim is not yet ripe.

Further, the Order does not address the effect of such a decision. Petitioners seek clarification regarding whether such dismissal is with or without prejudice, and when and if the matter may be brought back before the Court for resolution.

Wherefore, Petitioners respectfully request that this Court clarify its Order of April 28, 2016, by including a rationale for the decision and defining the import of "ripeness" in this context.

Respectfully submitted,

Dated: June 20, 2016

John G. Dugan, Esq., BBO # 137360
Attorney for Petitioners
Doherty, Ciechanowski, Dugan & Cannon, P.C.
124 Grove Street, Suite 220
Franklin, MA 02038
508-541-3000 (T)
508-541-3008 (F)
jgd@dcdclaw.com

2

# CERTIFICATE OF SERVICE

I, John G. Dugan, attorney for Petitioner, certify that I this day served a copy of the within Motion upon the following persons:

Warren M. Yanoff, Esq.
19 Cedar Street
Worcester, MA 01609
yanofflaw@gmail.com

John G. Dugan, Esq.

Dated: June 20, 2016

3