**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JANE DOE,

               Plaintiff,

v.

JOHN DOE,

               Defendant.

Case: 1:26-cv-11011-RGS

Leave to File Exhibit Under Seal Granted April 22, 2026

**PLAINTIFF'S MOTION TO ALLOW PARTIES TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe ("Plaintiff" or "Jane Doe") by and through counsel, respectfully moves this Court to allow the case to continue to proceed pseudonymously. Plaintiff's case represents a unique set of facts and circumstances which, when considered in their totality, present a compelling case for anonymity. In support of her motion, Plaintiff states as follows.

**Factual and Procedural Background**

This action arises from John Doe's documented efforts to extort money from his mother, who has spent decades since John Doe's early adolescence through adulthood supporting him and attempting to help him obtain much needed medical and psychiatric care. Jane Doe's interactions with her son are spelled out in detail in her Complaint. In summary, they can be characterized as years of John Doe trying to manipulate, bully, threaten and incessantly harass his mother for money, fueled by his serious mental illness and pervasive gambling and drug addictions.

On or about April 7, 2025, about a month after John Doe's lawsuit against his trust was dismissed by the Nevada District Court, John Doe began his defamatory and extortionate campaign against Plaintiff in earnest, publishing to several members of his family the false

1

allegation that Jane Doe sexually abused him as a small child. *E.g.*, Compl. ¶¶118-120. These allegations are examples of a series of ongoing harassing and manipulative communications by John Doe to and about Jane Doe for the sole purpose of getting money, with vague threats of what would happen if she did not comply. Compl. ¶¶ 105, 114-115, 123.

When it became clear that Jane Doe would not succumb to her son's harassment, John Doe crossed the line by threatening to make even more public the salacious, outrageous and false allegation that his mother sexually abused him when he was a small child between the ages of 4 and 7 years old unless she agreed to pay him millions of dollars.

On January 14, 2026, John Doe, through counsel, sent notice to Jane Doe of his intent to file a public lawsuit alleging sexual assault if she did not pay him a large sum of money. On February 25, 2026, Jane Doe filed her Complaint for Defamation and Intentional Infliction of Emotional Distress in Essex Superior Court, under a pseudonym, which the state Superior Court upon motion impounded that same day.

On February 26, 2026, John Doe removed the state court action to this Court and filed his own sexual assault complaint using the parties' full names. This action demonstrated John Doe's willingness to ignore a court order so he could use the legal process to hurt his mother. At Jane Doe's request, the Court agreed provisionally to seal the names in John Doe's sexual assault complaint based on the state court's impoundment order, and to revisit the issue of pseudonymity once the procedural posture of the two cases was adjudicated.

On April 9, 2026, following John Doe's request to this Court to consolidate the two actions and make Jane Doe assert her affirmative claims as counterclaims to his own Complaint, the Court ordered that because Jane Doe's Complaint was filed first in state court, it shall be the operative Complaint in this matter. The Court further held that it considers Jane Doe to be the

plaintiff in this action and that John Doe may assert his affirmative claims as counterclaims in his Answer to Jane Doe's Complaint.

With the procedural posture of the two matters sorted, the Court allowed Jane Doe to file the instant motion to explain why the case should continue to proceed pseudonymously based on federal court – not state court – legal standards.  As set forth below and for the reasons set forth in Jane Doe's sworn Affidavit, Jane Doe's request for pseudonymity is essential to her psychological and physical health, the protection of innocent third parties and to ensure that litigants like her are not chilled from bringing similar lawsuits to protect their reputations and well-being against defamatory and extortionate attacks. *See* Affidavit of Jane Doe attached as Exhibit A.

### Argument

**A.  Jane Doe Satisfies the Federal Standard for Proceeding Under A Pseudonym.**

i.     Legal Standard and Argument for Pseudonymity

United States District Courts have discretion to permit parties to litigate matters anonymously and regularly do so.  *See Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995) (J. Gorton).  "The ultimate test for permitting a [litigant] to proceed anonymously is whether the [litigant] has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Id.* (internal quotations omitted). The presumption against pseudonymous litigation gives way only in "exceptional cases."  *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022).

In determining whether a case presents an "exceptional" circumstance a court applies a "totality of the circumstances" test by which it examines in particular four non-exhaustive scenarios or "paradigms" as follows: (1) whether a would-be Doe reasonably fears that coming

out of the shadows will cause her unusually severe harm (either physical or psychological); (2) whether identifying the would-be Doe would harm innocent third parties; (3) whether anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and (4) whether the instant cause of action is bound up with a prior proceeding made confidential by law. *Id.* at 70-72 (quotation marks omitted). "[I]t is possible that a party whose case for pseudonymity appears weak when each paradigm is analyzed separately may nonetheless make a persuasive showing when multiple paradigms are implicated." *Id*. at 72. While "[i]n most cases, the inquiry should focus upon the extent to which the facts align with one or more of [these] paradigms," they do not "capture the entire universe of cases in which pseudonymity may be appropriate." *Id.*

Jane Doe submits that the first paradigm is satisfied here. As set forth in her Affidavit, Jane Doe faces a very real threat of unfair and severe psychological harm as well as a reasonable fear of physical harm if she is forced to litigate her case publicly. She has already suffered psychologically as a result of her son's effort to use the legal process to make his outrageous and cruel allegations in an attempt to extort her financially. See Ex. A, ¶¶4-7. Additionally, "while the bare possibility of reputational harm will not generally suffice to justify concealing a litigant's name, there is a special opprobrium attached to allegations of sexual misconduct." *Doe. v. Trustees of Boston University*, 2024 WL 4700161, \*4 (D. Mass. 2024) (J. Saylor). The Massachusetts District Court in *Doe v. Trustees of Boston University* recognized this when it upheld pseudonymity for a college professor accused of sexual assault by a student. The Court reasoned that such accusations pose a unique form of reputational harm. *Id.* The harm to Jane Doe if this case is not anonymized is especially salient when considered in conjunction with the third paradigm. *Id.* (Court found there to be a "unique feature of the harm Doe faces that

4

dovetails with the third paradigm and augments its significance in this context.") The facts here make clear that absent the requested relief John Doe will be allowed to inflict the very harm he improperly threatened Jane Doe with pre-litigation and will deter her and others from any form of self-defense via invoking the judicial process.

The second factor likewise favors the requested relief. As noted in Jane Doe's Affidavit, John Doe's allegations will likely have a rippling and destructive effect on innocent third parties such as Jane Doe's former patients and current community of bereavement group members, none of whom are parties to this litigation, and all of whom may well question her and their relationship with her in the face of such public and scandalous lies. Ex. A, ¶¶10-11.  Courts are particularly protective where disclosure risks harm to innocent third parties.  *See Doe*., 46 F.4th at 71, citing, inter alia, *Doe v. Trs. of Dartmouth Coll.*, No. 18–CV–040–LM, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining that nonparty "has a stronger case for anonymity" than party).

In our Internet age, if this case is allowed to proceed without the use of pseudonyms, those who worked with Jane Doe in the past or who came across her online profile will quickly and easily find this lawsuit and learn about John Doe's scurrilous allegations against her. Encountering allegations like those made by John Doe will imperil the trust, stability, and well-being of the many people who have in the past counted on Jane Doe's professional advice and counsel. Ex. A, ¶11. The risk of harm to these innocent current and former patients is not speculative. It is real.

The third factor likewise weighs heavily in favor of anonymity. If litigants facing extortionate threats disguised as lawsuits must expose themselves in order to publicly fight back, the predictable result will be to silence them and influence them into succumbing to the

extortion.  Allowing anonymity in these circumstances serves not merely Jane Doe's interests, but the broader institutional interest in ensuring that individuals facing these types of threats are not deterred from invoking the process of the court.  *See Doe*., 46 F.4th at 71, citing, inter alia, *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) (emphasizing need to ascertain whether "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated"). Further, this Court has found that where a "plaintiff has managed to keep allegedly false accusations of sexual misconduct out of the broader public realm, the requirement to disclose his identity in order to litigate would certainly discourage resort to the courts." See *Doe,* 2024 WL 4700161, \*5. Jane Doe has done everything she possibly can to limit broad public dissemination of John Doe's allegations, including obtaining an impoundment in the state court action, and continuing to fight for pseudonymity in this current action.

Finally, the fourth factor is met here. This instant action was once bound up in a proceeding made confidential by a state court order, only to be undermined by John Doe.  John Doe will suffer no prejudice here. His mother's identity is already known to him, ensuring his full ability to litigate any claims he thinks he has against her.

ii.    This Case Presents an Exceptional Circumstance Requiring the Use of Pseudonyms.

District courts maintain "broad discretion to identify the relevant circumstances in each case and to strike the appropriate balance between the public and private interests." *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61 (2022). In *Patrick Collins, Inc. v. Does 1-38*, a Magistrate Judge in the District of Massachusetts found that the case presented "the type of exceptional circumstances that warrant permission to proceed anonymously" in an adult film copyright case. *Patrick Collins, Inc. v. Does 1-38*, 941 F.Supp.2d 153 (2013). There, the Court found "exceptional circumstances" because requiring defendants to reveal their identities ***"would***

***effectively moot the very relief they seek*** and would provide Plaintiff a 'backdoor' route to the information" they were trying to protect. Id. at 161. Like in *Patrick Collins, Inc.*, where the defendants sought anonymity to challenge subpoenas for the purpose of protecting their personal identifying information from disclosure, Plaintiff seeks anonymity not only to protect her personal identifying information, but to proceed with a defamation suit to enjoin John Doe's extortionate and heinous allegations of sexual abuse. Requiring her to proceed publicly "would effectively moot the very relief [she] seek[s]." The Plaintiff presents the exact type of exceptional circumstances that warrant pseudonymity.

Finally, Jane Doe is the **Plaintiff** in this lawsuit. As the Plaintiff in a defamation suit, she is ***not*** in the same position as any other party accused of childhood sexual abuse. Plaintiff here has presented a unique and exceptional set of circumstances, outlined in detail in her own tort claims against her son for extortion and defamation. Jane Doe recognizes that this case is in its early stages, but she has filed a detailed set of allegations which, if believed by a jury, make clear that she is the victim here. She is not a defendant invoking her 5th Amendment rights while at the same time asking for anonymity. She initiated legal action. And she spelled out in her Complaint why she has done so. These circumstances alone make this case exceptional.

Finally, the Restatement (Second) of Torts provides in comment "h" to § 652D:

> *Private facts.* ... The extent of the authority to make public private facts is not, however, unlimited…In determining what is a matter of legitimate public interest, account must be taken of the customs and conventions of the community; and in the last analysis what is proper becomes a matter of the community mores. The line is to be drawn when the publicity ceases to be the giving of information to which the public is entitled and becomes a morbid and sensational prying into private lives for its own sake, with which a reasonable member of the public, with decent standards, would say that he had no concern....

A non-public Plaintiff such as Jane Doe should not have her sensitive, private family dispute on display. Any conceivable public interest in placing Jane Doe's name on the docket would be substantially outweighed by the serious, irreparable damage done to her and many innocent third parties.

## Conclusion

For all of the reasons set forth above, Jane Doe respectfully requests that the Court allow her motion to proceed pseudonymously in this litigation.

Respectfully Submitted,

JANE DOE

By her attorneys,

Howard M. Cooper (BBO# 543842)
*hcooper@toddweld.com*
Sandy N. Eid (BBO# 707141)
*seid@toddweld.com*
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
Fax: (617) 227-5777

Dated: April 23, 2026

8

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule 7.1(c), I hereby certify that on April 22, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel or record registered with the Court's CM/ECF system.

    Carmen L. Durso
    CARMEN L. DURSO, ESQUIRE
    Law Office of Carmen L. Durso
    276 Union Avenue
    Framingham, MA 01702
    carmen@dursolaw.com

    Jeffrey S. Beeler, Esq.
    Amanda L. Bryant
    Heinlein Beeler Mingace & Heineman PC
    276 Union Avenue
    Framingham, MA 01702
    Jbeeler@hbmhlaw.com
    abryant@hbmhlaw.com

_____
Sandy N. Eid (BBO# 707141)

9