## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

Jane Doe,                             )
                                      )      Case:1:26-cv-11011-RGS
        Plaintiff,                    )
                                      )
              v.                      )
                                      )
John Doe,                             )
                                      )
        Defendant.                    )
                                      )

### Defendant's Opposition to Plaintiff's Emergency Motion to Impound and Substitution of Party Names

The Defendant respectfully opposes the Plaintiff's emergency motion[1] to assume the mantle of anonymity to which the Court has already determined she is not entitled.

1.      First, as the Court knows, the Rules require that cases be filed using actual party names and there is powerful presumption against anonymity. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 68-69 (2022) ("The short of it is that the strong presumption against the use of pseudonyms in civil litigation rests on a sturdy foundation.").

2.      The Plaintiff (then referred to as Defendant) is already party to, or involved in, public filings related to Defendant in which she or others use her true name.[2]

3.      This Court has already denied Plaintiff's (then referred to as Defendant) request to "remove and replace her name on the docket with a pseudonym and to seal the currently filed documents[]" where the Court noted that she asked the Court to "presuppose "outrageous and

---

[1] Plaintiff did not attempt a conference under Rule 7.1 prior to filing.

[2] The Motion to Strike and supporting Memorandum of Law do not use party names. The attachments, Exhibits A and B, about which Plaintiff complains, are publicly available filings from the Suffolk County Probate Court (Ex. A) and the Arizona Superior Court (Ex. B) related to the Trust litigation that Plaintiff chose to inject into this case.

1

false allegations contained in the Complaint and to issue a protective order against any further disclosures of the parties identities." Emergency Mot. at 7 (Dkt #4)." This Court denied that relief ordering only the provisional sealing of the Complaint and Plaintiff's (the Defendant's) Motion to Dismiss. *See* Dkt #14.

4.    In accord with this Court's order, the Defendant is currently preparing his response to Plaintiff's Motion to Allow Parties to Proceed Under Pseudonym (Dkt #31), with the response being due to the Court on May 7, 2026. *See* Dkt. 23 (Court's order setting forth briefing schedule related to motion related to pseudonymity). Defendant, an alleged sexual abuse victim, intends to proceed with this case in his own name and has communicated that intent consistently.

5.    Indeed, even the Plaintiff has filed documents in this matter that are captioned with her real name. *See* Dkt. 21.

6.    By her Motion, Plaintiff again asks the Court to "presuppose" facts and intent to the detriment of her son, an alleged sexual assault victim who has been a party to multiple Court efforts to divest him of non-discretionary benefits under an irrevocable Trust set up for him by his deceased father and the Plaintiff.

7.    While defendant's initial demand letter accompanied by the Complaint that initiated this case focused solely on Defendant's allegations of sexual abuse while a minor at the hands of his mother, she has persistently tried to inject facts into this case related to other Court cases seeking to strip John Doe of Irrevocable Trust benefits.

8.    Under such circumstances the Court should deny the requested relief and wait for the full briefing on the anonymity issue under *Doe v. Mass. Inst. of Tech.*, in which Defendant will fully respond to Plaintiff's argument under the *Doe* factors while addressing some of the unnecessary information injected into this case by Plaintiff is an effort to poison the Court in

relation to John Doe's sexual assault allegations including the publicly available materials (from the Arizona Courts) that can be found at Dkt. 29 noting Plaintiff's efforts to "prevent [Defendant] from obtaining his mandatory 50% share when he reached 35 years old" that were rejected by the Massachusetts Probate Court. *See* Dkt. 29 at page 6, ¶¶43-44; *see also Doe*, 46 F.4th at 72, n.3 ("For the sake of completeness, we note that pseudonymity will never be justified when the public disclosure that the party seeks to forestall is already a fact.").

WHEREFORE, the Court should deny the Plaintiff's emergency motion.

Respectfully submitted,
The Plaintiff,
By his attorney,

/s/ Carmen L. Durso

_____

Carmen L. Durso, Esq.
BBO # 139340
Law Office of Carmen L. Durso
276 Union Ave.
Framingham, MA 01702
(617) 728-9123
Carmen@dursolaw.com

CERTIFICATE OF SERVICE

I hereby certify that a true copies of the documents filed herewith were served upon the attorney of record for each party, in accordance with the Court's ECF Administrative Procedures, on April 28, 2026.

/s/ Carmen L. Durso

CARMEN L. DURSO

3