**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>v.<br><br><br>JOHN DOE,<br><br>             Defendant. | Civil Action No. 1:26-cv-11011-RGS |

**PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANT**
**JOHN DOE'S MOTION TO STRIKE PORTIONS OF HER COMPLAINT**

**Introduction**

Plaintiff Jane Doe ("Plaintiff" or "Jane Doe") respectfully opposes Defendant John Doe's ("Defendant" of "John Doe") Motion to Strike Portions of Plaintiff's Complaint. John Doe's motion asks the Court to strike 110 out of 136 paragraphs of Jane Doe's detailed factual allegations. Together, the allegations plausibly establish the substantial bases for Jane Doe's claims against John Doe, her son.  Jane Doe asks the Court to see John Doe's latest motion for what it is – a frivolous second attempt to seek dismissal of a well-grounded Complaint against him – which the Court has already declined to do. *See* Dkt. #23. As explained below, John Doe's asserted grounds to strike are devoid of factual or legal merit and his motion should be summarily denied.

**<u>Standard of Review</u>**

*a.  Standard of Review*

Under Federal Rule of Civil Procedure 12(f), the Court in the exercise of its discretion may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Courts generally decline, however, to engage in a "line-by-line evaluation of the relevance of certain allegations" at the pleading stage. *Alston v. Town of Brookline, Massachusetts*, 321 F.R.D. 41, 44 (D. Mass. 2017). Instead, the Court applies a broad standard for what qualifies as relevant for Rule 12(f) purposes. Under that broad standard of relevancy, a statement is "immaterial" only when it "has no essential or important relationship to the claim for relief…" *Autila v. Massachusetts Bay Transportation Authority,* 342 F.R.D. 23, 31 (D. Mass. 2022). A statement is "impertinent" only when it fails to pertain, and is not necessary to, the issues in dispute. *Id.*  A statement is "redundant" only when it amounts to needless repetition of other averments. *Id.* A statement is "scandalous" only if it improperly casts a derogatory light on someone. *Id*.

The Courts have made clear that it is *not* enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action. *Id*, quoting In re Gitto Global Corp., 422 F. 3d 1, 12 (1st Cir. 2005); *see*, *e.g., Islam v. Option One Mortg. Corp*., 432 F. Supp. 2d 181, 199 (D. Mass. 2006) (allegations not stricken from "complaint merely because they sound scandalous"). Indeed, the First Circuit has made clear that motions to strike under Rule 12(f) are to be considered "narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."  *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985). This is so because "striking a portion of a pleading is a drastic remedy and it is often sought by the movant simply as a dilatory or harassing tactic." *Manning v. Boston Medical Center Corp*., 725 F. 3d 34, 58 (1st Cir. 2013), *quoting*, 5C Charles Alan Wright, et al.,

Federal Practice & Procedure § 1380 (3d ed. 2011).  For these reasons, it is well settled that motions to strike "are disfavored" and "rarely granted absent a showing of prejudice to the moving party." 342 F.R.D. 23, 32 (D. Mass. 2022).

Against this legal standard, John Doe's motion is meritless.

### Argument

John Doe's motion is ironic given that he has used this forum to ignore a state court order in order to publish truly scandalous allegations about his mother. Although Jane Doe recognizes that at this early stage of this lawsuit the Court cannot make a finding that John Doe's claims are frivolous, it is telling that he complains that allegations related to his extortion of his mother are somehow improper. Jane Doe submits that the Court may fully consider the scandalous nature of John Doe's allegations in determining whether Jane Doe's own allegations are proper.

Here, the portions of Jane Doe's Complaint that John Doe asks the Court to strike come nowhere close to being redundant, immaterial, impertinent or scandalous. To the contrary, each and every allegation John Doe seeks to strike is relevant to establishing Jane Doe's claims that she has been subject to extortion, false and defamatory statements, and overwhelming emotional distress. Each of her allegations serves the purpose of telling the story of how John Doe's unlawful campaign of misconduct against his mother arose and has been carried out. John Doe provides no meaningful, non-conclusory argument as to why any one or more of the subject allegations should be stricken because there is none. As with his motion to dismiss, John Doe's motion rests on inaccuracies and misstatements of both fact and law concerning Jane Doe's allegations, which Jane Doe has already addressed at length in her Opposition to John Doe's Motion to Dismiss (*See* Case No. 1:26-cv-11011 at Dkt. # 18).

3

### b. *Jane Doe's Allegations Related to Family History and Defendant's Mental Health History*

John Doe asks the Court to strike roughly eighty-one (81) paragraphs of Jane Doe's Complaint that he labels "Defendant's Mental Health History." As to these allegations, John Doe argues that they should be stricken because (1) if Jane Doe is claiming John Doe lacks mental capacity, then her intentional tort claims against him fail[1]; and (2) if Jane Doe is not claiming John Doe lacks mental capacity, then John Doe's mental health history is irrelevant and should be stricken. *See* Case No.1:26-cv-11013 at Dkt. #7 (where John Doe made these same arguments).

Contrary to John Doe's argument, laying the foundation of John Doe's mental health history and how that history is interrelated with the family's financial history, particularly John Doe's now near total reliance on his mother's money, including the money she left him in a trust, is material to Jane Doe's claims on how she has been defamed and extorted, leading to her suffering severe emotional distress.

### c. *Jane Doe's Allegations Related to the Trust*

John Doe's claim that there is no rational connection between the continuing Trust Litigation and John Doe's alleged unlawful acts here is likewise without merit. Jane Doe's Complaint clearly alleges that the establishment of the Irrevocable Trust and the ongoing Trust Litigation gave rise to John Doe's (misplaced) anger towards his mother over his lack of full access to his

---

[1] Jane Doe does not assert in either her Complaint or in the Trust litigation that John Doe lacks sufficient mental capacity. In any event, the law is clear that even *if* John Doe lacks mental capacity, he can still be found liable for the claims Jane Doe alleges in her Complaint. "The rule that one who suffers from deficient mental capacity is not immune from tort liability solely for that reason has roots stretching back several centuries into the early common law." *Miele by Miele v. U.S.* 800 F.2d 50, 53, (2nd Circuit 1986). Additionally, "courts are hesitant to introduce into the civil law the confusion surrounding proof of insanity which already exists in criminal law. *Id.* (quoting W.L. Prosser, *The Law of Torts* § 135 at pp. 1000—1 (4th ed. 1971).

trust funds, and that *this is what fueled his campaign of extortion and defamation against her*. Compl. at ¶¶107-117, 121-122.

As the Complaint alleges, just *two weeks* after John Doe published to his relatives his false allegation that Jane Doe abused him as a child, he contacted her to say that "this whole thing is getting out of hand and it's going to end badly for everyone involved." He then went on to ask what could be done to resolve the issues with the Trust and work out "some kind of settlement." *Id*. at ¶123. John Doe's communications thus tie all of these events directly to this lawsuit. His claim that the Trust Litigation has nothing to do with this matter lacks any merit.

Jane Doe also alleges, in part, that in 2014 as a result of John Doe's escalating gambling and drug addictions over the years, coupled with his lack of self-care, she petitioned the Probate and Family Court to reform an Irrevocable Trust in an effort to try and *preserve* funds for John Doe's long-term use and welfare rather than risk the fund's depletion upon John Doe turning 35 and 40, when John Doe would have access to half, and then all of the remaining Trust balance. *See* Compl. at ¶¶70 – 71 (the "2014 Petition").[2]  This too caused the friction which helped energize John Doe's extortion and defamation campaign.

It is true that Jane Doe's present Complaint refers to and uses similar language to that in the 2014 Petition but it does so in order to explain and allege critical background information which, in turn, explains the root causes and motivation of John Doe's efforts to extort her. The factual allegations in this regard are as critical as they are axiomatic – along with trustee and provisions of his trust, mother wanted to preserve funds for John Doe's well-being and that of his children, and tried to limit or stop the source of funding of John Doe's extremely harmful and self-

---

[2] The court denied Jane Doe's 2014 Petition as not yet ripe.  Contrary to John Doe's claim, the Court never held that the 2014 Petition was "moot."

destructive behaviors. In response, he demanded money and threatened her if she did not accede to his demands by threatening to claim (falsely) that she sexually abused him as a child.

These allegations are all material and pertinent to explain the root causes of John Doe's unlawful conduct towards his mother. To be clear, Jane Doe alleges here that, among other things, John Doe's actions rise to the level of extortion. His motive is one element of that misconduct. As such, the allegations related to the Irrevocable Trust are material to Jane Doe's claims. John Doe's motion is frivolous and fails to provide any meaningful arguments to show how Jane Doe's well-plead allegations related to the Trust should be stricken. Clearly, this is yet another attempt by John Doe to harass and extort his mother because he is not getting the money he thinks he is entitled to.

### d. Jane Doe's Allegations Outside the Applicable Statute of Limitations

John Doe's final "catch-all" attempt to strike nearly the entirety of the Complaint is to argue that the content contained in these subject paragraphs precede the applicable statute of limitations. That too is a meritless argument which misses the purpose and intention of these paragraphs, which is that they serve as material and pertinent background information used to establish Jane Doe's claims.

Courts consistently hold that background information should remain in complaints unless it clearly has no possible bearing on the litigation. In *Alston v. Town of Brookline*, the court refused to strike allegations about racial discrimination dating back to the 1960s—40 years before the plaintiff's employment claims. 321 F.R.D. 41, 44 (D. Mass. 2017). The court explained that it was inappropriate at the pleading stage to "engage in a line-by-line evaluation of the relevance of certain allegations" and emphasized that motions to strike are "disfavored in practice." *Id.* Similarly, in *Hawkinson v. Immigration & Customs Enforcement*, the court allowed

background information about agency functions and FOIA processing procedures to remain, noting that a "background fact may be useful to inform the court's understanding of the dispute" and even noted that immaterial background information "may be disregarded" rather than stricken. *Hawkinson v. Immigration and Customs Enforcement*, 554 F.Supp.3d 253, 264 (2021). The Massachusetts statute of limitations for defamation and intentional infliction of emotional distress is three (3) years. G.L.c. 260, § 4. While it is true that some of the causes of John Doe's misconduct date back more than three years, the allegations which describe this earlier misconduct provide support from an evidentiary perspective, but are not the basis, of Jane Doe's claims, and they help inform the Court's understanding of the dispute. John Doe's motion to strike erroneously limits Jane Doe's claims to certain allegations in her Complaint which describe John Doe's youth and young adulthood, while ignoring the full scope of what is actually alleged in Jane Doe's Complaint as a whole, and how John Doe's behavior escalated over the years into outright extortion. The subject allegations are material to Jane Doe's claim because they once again lay the foundation and provide the context of, and motive for, John Doe's defamatory and extortionate conduct, which occurred in or around April of 2025, well within the applicable statute of limitations. *See* Compl. at ¶¶ 118-120, 124-126.

### Conclusion

Jane Doe's claims here of extortion and defamation are serious. To establish them, Jane Doe necessarily must include the long-standing familial and mental health history that underscores John Doe's extortionate behavior, including the family's litigation history involving the Irrevocable Trust. The events described in these paragraphs do not need to fall into the applicable statute of limitations to serve their purpose of providing material and pertinent

background information to support Jane Doe's claims. For all of the reasons set forth above, the

Court should deny Defendant's motion in its entirety.

Respectfully Submitted,

JANE DOE

By her attorneys,

Howard M. Cooper (BBO# 543842)
*hcooper@toddweld.com*
Sandy N. Eid (BBO# 707141)
*seid@toddweld.com*
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
Fax: (617) 227-5777

Dated: May 6, 2026

8

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule 7.1(c), I hereby certify that on May 6, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel or record registered with the Court's CM/ECF system.

Carmen L. Durso
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
276 Union Avenue
Framingham, MA 01702
carmen@dursolaw.com

Jeffrey S. Beeler, Esq.
Amanda L. Bryant
Heinlein Beeler Mingace & Heineman PC
276 Union Avenue
Framingham, MA 01702
Jbeeler@hbmhlaw.com
abryant@hbmhlaw.com

_____
Sandy Eid

9