**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JULIE BRESKIN<br><br>Plaintiff,<br>v.<br><br>RUSSELL BLATTBERG<br><br>Defendant. | Case: 1:26-CV-11011-RGS |

**[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER**

Plaintiff Julie Breskin (the "Plaintiff") has represented that discovery materials produced or information otherwise disclosed by the parties during the course of discovery in this above-caption action ("Action") contain medical information that Plaintiff deems confidential and believes in good faith would be subject to a protective order pursuant to Fed. R. Civ. P. 26(c). To reasonably preserve the confidentiality of such information, it is hereby ORDERED pursuant to Fed. R. Civ. P. 26(c) as follows:

1. This Stipulation and Order shall apply to all of Plaintiff's medical documents produced or used in any way during the Action by any Party, witness, or non-Party that is designated as "CONFIDENTIAL" pursuant to the terms of this Stipulation and Order, including, but not limited to, all copies, excerpts, or summaries thereof (collectively "Protected Material"). As used herein, "Offering Party" shall refer to any individual who offers Protected Material at the Action, and "Receiving Party" shall refer to any individual other than the Offering Party, pursuant to this Stipulation and Order.

2. Documents designated as "CONFIDENTIAL" shall not be disclosed by the Receiving Party to persons other than:

a. Plaintiff Julie Breskin and Defendant Russell Blattberg;

b. A Non-Party during the taking of his, her, their, or its deposition (and during the preparation for his, her, or its deposition, as provided below in this Paragraph);

c. Counsel to the Parties in the Action who have entered an appearance in the Action, and attorneys, clerical, paralegal and secretarial staff employed by such counsel as well as in-house counsel for the corporate parties;

d. Stenographers transcribing testimony at a deposition in the Action;

e. This Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

f. Clerical and data-processing personnel not regularly employed by Counsel to the Parties, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials to the extent reasonably necessary to assist such counsel in these proceedings;

g. A testimonial or consulting expert only as provided in Paragraph 6 below;

h. Any neutral (and their staff) engaged by the Parties or assigned by the Court to assist the Parties in connection with their efforts to resolve the Action;

i. Any individual who was the author or a recipient; and

j. Any other person or persons to whom the Parties to the Action mutually agree in writing.

Prior to disclosing documents and information designated as "CONFIDENTIAL" to a Non-Party during the taking of his or her deposition, counsel seeking to examine the Non-Party witness with such documents and information designated as "CONFIDENTIAL" shall inform such Non-Party witness that such documents and information have been designated as "CONFIDENTIAL" under the Protective Order and request the Non-Party Witness to agree to execute the acknowledgment (attached hereto as **Exhibit A**) to observe the requirements of the Protective Order. If the Non-Party refuses, they will be instructed on the record that the confidentiality obligations are a court order and they must comply, regardless of whether they sign.

3. Any documents, information, or other tangible materials designated as Protected Material shall be so designated by stamping the first page of the document or materials with the legend "CONFIDENTIAL" as appropriate.

4. Protected Material may be used by the Receiving Party solely for the purposes of this Action and for no other purpose without prior written approval from the Court or the prior written consent of the Producing Party.

5. Protected Material may be provided to testimonial or consulting experts retained by counsel in connection with the Action to the extent necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action, provided that such expert or consultant: (a) is using said information solely in connection with the Action; (b) agrees in writing to be bound by the terms and conditions of this Stipulation and Order by signing **Exhibit A**; and (c) agrees not to disclose or use Protected Material for purposes other than those permitted hereunder. Counsel for Receiving Party shall be responsible for procuring written agreements signed by experts receiving Protected Material before any Protected Material is disclosed to the expert.

6. Nothing in this Stipulation and Order shall foreclose any Receiving Party from challenging by motion, the designation by any Producing Party of any documents, information or materials as Protected Material, or from seeking an Order removing any such documents, information or materials from the protections afforded by this Stipulation and Order. Upon any such challenge, it shall be the burden of the Producing Party to demonstrate under applicable legal standards that the information in question is sufficiently sensitive to warrant confidential treatment under the provisions of this Stipulation and Order.

7. The inadvertent failure of a Producing Party to designate information or material as "CONFIDENTIAL" in strict accordance with the terms of this Stipulation and Order shall not preclude a later designation, and the inadvertent or mistaken disclosure of confidential information without a designation shall not constitute a waiver of any claim that the information is entitled to protection under the Parties' Stipulation and Order. Any disclosure of such information prior to its designation as Protected Material shall not be a violation of the Stipulation and Order. Along with notice of inadvertent or mistaken disclosure, the Offering Party shall provide to each Receiving Party a copy of the information marked with the appropriate designation. Upon receipt of the properly marked information, the Receiving Party shall (a) return to the Offering Party, or destroy, the improperly marked information that was initially produced, and (b) if a disclosure of that information was made to a person to whom disclosure would not have been permitted if the information were properly marked, identify the person(s) to whom the disclosure was made. Any Party may retract a prior designation of information or a document as "CONFIDENTIAL".

8. All Protected Material designated as such under this Stipulation and Order shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

a. The Producing Party agrees in writing that the previously designated Protected Material shall no longer require that designation; or

b. The Court enters an order that the matter shall not be entitled to confidential treatment and said order is no longer subject to appeal.

9. If any Protected Material is to be included among any papers filed with the Court as part of any pleading, motion, affidavit or other paper, the Parties will work together in good faith to file a motion to impound such Protected Material prior to the time the motion is filed.

10. The entry of this Order shall be without prejudice to the rights of any of the Parties to apply for modification or relief from this Stipulation and Order, including additional or different protections, by petitioning the Court or by agreement.

11. Neither the attorney-client privilege nor work product protection is waived by the inadvertent disclosure of Protected Material connected with this Action. A Party that/who has inadvertently produced documents protected by the attorney-client privilege or work product doctrine shall, upon learning of the mistake, give prompt written notice to counsel for each Receiving Party, identifying the inadvertently produced material by its Bates number. Within five business days of receipt of such notice, and without further substantive review of the document, the Receiving Party shall return or destroy all copies of the document and provide written notice of such action, even if the Receiving Party disputes the assertion of privilege.

12. All counsel of record in this Action shall make a good faith effort to comply with the provisions of this Stipulation and Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall provide a copy of this Stipulation and Order to new counsel.

13. Subject to Paragraph 15, below, at the termination of the Action, any Receiving Party shall either destroy or return Protected Material to the Producing Party or its counsel. The Parties further agree to take such other measures as are necessary and appropriate to prevent the public disclosure of Protected Material, through inadvertence or otherwise, after the conclusion of this litigation.

14. Outside legal counsel for each Party may retain one copy (and any routine backups) of Protected Material for their files, and all other copies of same shall be destroyed or returned. The Parties further agree to take such other measures as are necessary and appropriate to prevent

the public disclosure of Protected Material, through inadvertence or otherwise, after the conclusion of this litigation.

15. This Stipulation and Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Stipulation and Order if the information or documents are lawfully in their possession independently of the Action.

**SO ORDERED.**

Dated this ___ Day of __________________, 2026.

______________________________
Richard G. Stearns
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JULIE Breskin<br><br>Plaintiff,<br>v.<br><br>RUSSELL BLATTBERG<br><br>Defendant. | Case: 1:26-cv-11011-RGS |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _______________ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Federal Court of the Commonwealth of Massachusetts in matters relating to the Protective Order and understands that the terms of the Order obligate him/her to use documents designated Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern. Promptly upon termination of this action, the undersigned will return all Confidential materials to counsel for the party by whom he/she is employed or retained. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

EXECUTED this ____ day of _____________, 20___.

________________________________
Printed Name

________________________________
Signature

________________________________
Affiliation

________________________________

________________________________
Business Address